NAKHLE, Appellant,

v.

STATE MEDICAL BOARD OF OHIO, Appellee.

[Cite as *Nakhle v. Ohio State Medical Bd.* (1989), 65 Ohio App.3d 619.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–631.

Decided Dec. 14, 1989.

*Carlile, Patchen, Murphy & Allison* and *Michael H. Igoe*, for appellant.

*Anthony J. Celebrezze, Jr.*, Attorney General, *Steven Dlott* and *Rachel Belenker*, for appellee.

CACIOPPO, Judge.

The appellant, Anthony J. Nakhle, M.D., appeals the decision of the Franklin County Common Pleas Court, which affirmed the State Medical Board of Ohio's ("board's") decision to deny Nakhle's request for reinstatement of his license to practice medicine and surgery in Ohio, and deny Nakhle's eligibility to apply or obtain such license at any time.

On March 10, 1983, the board notified Nakhle that it proposed to take disciplinary action against him pursuant to R.C. 4731.22 because he was " * * * unable to practice according to acceptable and prevailing standards of care by reason of illness, excessive use of alcohol, excessive use of controlled substances, drugs, or chemicals, or as a result of a mental or physical condition." Nakhle requested a hearing on March 21, 1983. The board referred Nakhle to a physician who evaluated him for possible drug addiction. On August 30, 1983, Nakhle voluntarily surrendered his license to practice medicine and surgery.

On December 22, 1983, Nakhle requested that the board reinstate his license. On February 20, 1985, the board notified Nakhle that it proposed to refuse to reinstate his license due to Nakhle's violation of R.C. 4731.22(B)(15). Two days later, Nakhle requested a hearing on the matter. The board scheduled a hearing for March 21, 1985, and then postponed it.

On September 30, 1985, Nakhle was sentenced to a one-year imprisonment. The sentence was suspended and he was placed on two years' probation after he plead guilty to two counts of drug violations in the Cuyahoga County Common Pleas Court.

On August 17, 1987, the board proposed disciplinary action against Nakhle based upon the 1985 drug conviction. Nakhle requested a hearing on the matter. The board filed a motion to consolidate the allegations set forth in the board's letters of February 20, 1985 and August 17, 1987. The hearing examiner granted the board's motion for consolidation and scheduled a hearing on the issues.

Nakhle had a hearing before a board hearing examiner on November 13, 1987. The examiner issued a report and recommendation with findings of fact, conclusions, and a proposed order permanently denying Nakhle's eligibility to apply for or obtain license reinstatement. The board adopted the hearing examiner's findings, conclusions and proposed order. Nakhle appealed the board's order to the Franklin County Common Pleas Court, which affirmed the board's decision on April 28, 1989. Nakhle appeals to this court and cites the following assignments of error:

"I. The trial court erred in affirming a decision of the State Medical Board in which the Board abused its discretion by imposing an excessively harsh sanction not supported by reliable, probative, and substantial evidence and not in accordance with the law.

"II. The trial court erred by affirming the decision of the State Medical Board of Ohio permanently revoking Dr. Nakhle's certificate when there is no statutory authority for the Board's action.

"A. O.R.C. § 4731.01 [*sic*] does not authorize the Board to permanently deny an individual the right to apply for medical licensing in the state of Ohio.

"B. The Medical Board exceeded its authority by going beyond the scope of the hearing by permanently revoking Dr. Nakhle's license instead of merely considering the reinstatement of his license."

Nakhle assigns two errors and argues both separately. Since the assignments of error are interrelated, they are considered together. Nakhle argues that the board's sanction which permanently denies him the opportunity to apply for license reinstatement is contrary to law.

The Physicians–Limited Practitioners Law of Ohio defines and strictly controls the board's authority. R.C. 4731.22(B)(3) and (9) state:

"(B) The board, pursuant to an adjudicatory hearing under Chapter 119. of the Revised Code and by a vote of not less than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:

" * * *

"(3) Selling, prescribing, giving away, or administering drugs for other than legal and legitimate therapeutic purposes or a plea of guilty to, or a judicial finding of guilt of, a violation of any federal or state law regulating the possession, distribution, or use of any drug[.]

" * * *

"(9) A plea of guilty to, or a judicial finding of guilt of, a felony;"

Statutes must be read to give rational and logical effect. See *Prem v. Cox* (1983), 2 Ohio St.3d 149, 2 OBR 694, 443 N.E.2d 511; *Petition for Disclosure of Evidence* (1980), 63 Ohio St.2d 212, 17 O.O.3d 131, 407 N.E.2d 513. The wording of this statute does not authorize the board to permanently deny the opportunity to apply for a medical license in the state of Ohio to a person seeking a medical license for the first time or seeking a medical license which he previously voluntarily surrendered.

The board relies on *Welsh v. Ohio State Medical Bd.* (1960), 111 Ohio App. 79, 120 O.O.2d 267, 83 Ohio Law Abs. 137, 165 N.E.2d 658, to support its finding. In *Welsh, supra,* the Cuyahoga County Court of Appeals ruled that no provision in law exists which empowers the board to consider an application seeking the reinstatement of a license after an order revoking such license has become final either on appeal or by reason of the failure of the licensee to appeal as provided by R.C. 119.12. The case before us is distinguishable. Nakhle is not seeking reinstatement of a license which was revoked by board action. Nakhle voluntarily surrendered his license in 1983. It was not revoked by board action. In essence, Nakhle is applying for a new license. The authority to permanently deny a request for license reinstatement is not implicit in the authority to deny a license pursuant to R.C. 4731.22.

The authority of the court of common pleas to review an order of an administrative agency under R.C. 119.12 is limited to a decision as to whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. *Dept. of Liquor Control v. Santucci* (1969), 17 Ohio St.2d 69, 46 O.O.2d 402, 246 N.E.2d 549. In the case *sub judice*, the medical board's decision was not in accordance with the law. The board cannot usurp

the powers granted to the legislature. *Hyde v. State Medical Bd.* (1986), 33 Ohio App.3d 309, 312, 515 N.E.2d 1015. For this reason, Nakhle's assignments of error are sustained.

The judgment of the trial court is affirmed as to the denial of Nakhle's request for reinstatement and reversed as to the prohibition preventing Nakhle from applying for licensure in the future.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

STRAUSBAUGH and WHITESIDE, JJ., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.