BOUQUETT, Appellant,

v.

STATE MEDICAL BOARD of OHIO, Appellee.

[Cite as *Bouquett v. Ohio State Medical Bd.* (1991), 74 Ohio App.3d 203.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1088.

Decided May 21, 1991.

*Frederick E. Davis, Jr.,* for appellant.

*Lee I. Fisher,* Attorney General, and *Lisa A. Sotos,* for appellee.

HARSHA, Judge.

Plaintiff appeals from a judgment of the common pleas court entered in favor of defendant on plaintiff's complaint for declaratory relief. Plaintiff sought a declaration by the common pleas court that defendant was required to entertain an application either for reinstatement of his medical license or for reconsideration of defendant's prior revocation of that license.

Plaintiff, Gaston Bouquett, M.D., was licensed by this state as a medical doctor until February 1, 1987. On that date, following an administrative hearing conducted pursuant to R.C. Chapter 119, defendant, the State Medical Board of Ohio ("board") revoked Bouquett's medical license for violating R.C. 4731.22(B)(9). The violation arose from the July 1986 conviction of plaintiff on a federal felony count.

Subsequently, in August 1989, plaintiff requested that the board either reconsider its prior decision revoking his license or that the board allow plaintiff to apply for a new medical license. When the board refused to comply with plaintiff's request, plaintiff initiated this suit seeking declaratory relief on February 8, 1990. Plaintiff sought relief in the form of a declaration that revocation of a medical license does not forever prohibit a practitioner from seeking reconsideration of the revocation or the issuance of a new medical license upon proper application.

Following the answer filed by defendant, the matter was submitted to the court on the parties' briefs. The trial court rendered a decision on August 13, 1990, granting judgment on plaintiff's complaint in favor of the board. More particularly, the common pleas court determined that no provision of R.C. Chapter 4731 authorized the board to either reconsider a prior revocation of a medical license or to reinstate a revoked medical license. The common pleas court stated that R.C. Chapter 4731 authorized only the reinstatement of a license which had been suspended. As support for this conclusion, the trial court relied upon the decision of the Cuyahoga County Court of Appeals rendered in *In re Application of Welsh* (1960), 111 Ohio App. 79, 12 O.O.2d 267, 83 Ohio Law Abs. 137, 165 N.E.2d 658.

Plaintiff now appeals and sets forth the following assignments of error:

"1. Was it error for the trial court to determine that as a matter of law the board did not have the authority to consider an application de novo from a physician whose license had previously been revoked.

"2. Was it error for the trial court to fail to judicially determine the issue presented by appellant in his action for declaratory relief."

While appellant sets forth two assignments of error, in fact only one argument is made. It is appellant's position that because there is no provision in R.C. Chapter 4731 which prevents the board from reinstating or relicensing a physician whose medical license has been revoked, the trial court's judgment is contrary to law. Plaintiff submits that the term "revocation" does not denote a permanent condition which forever precludes reinstatement. As support for his position, plaintiff relies upon the decision of this court in *Nakhle v. Ohio State Medical Bd.* (1989), 65 Ohio App.3d 619, 584 N.E.2d 1292.

In response, the board contends that R.C. 4731.22 limits its power of reinstatement solely to physicians who have had their licenses suspended. The board contends that the use of the term "reinstatement" in R.C. Chapter 4731 must be restricted to the specific provisions of that chapter where the term is utilized. The board relies upon the decision rendered in *Welsh, supra,* as support for its position. The board also asserts that it has no authority to reconsider its prior order revoking appellant's license since the inherent power of an administrative agency to reconsider is limited by principles of finality. More particularly, the board asserts that once an appeal has been filed from an administrative order, the agency's jurisdiction to reconsider comes to an end. Because plaintiff appealed the board's 1987 order revoking his license to the Montgomery County Court of Common Pleas, the board concludes that it lost jurisdiction to reconsider its prior determination.

■ Initially, as to the latter argument of the board regarding its inherent power to reconsider a prior order, this court agrees with the general proposition that an administrative agency loses the power to reconsider once a reviewing court asserts jurisdiction of the matter. *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, paragraph three of the syllabus. This court notes, however, that the board's assertions regarding an appeal from the February 1987 order taken by plaintiff to the Montgomery County Court of Common Pleas are unsupported by any evidence in the record. Despite this lack of evidence, the running of the fifteen-day appeal period formerly provided by R.C. 119.12 terminated the authority of the board to reconsider its revocation order. *Id.* Accordingly, the trial court properly denied relief to that aspect of plaintiff's complaint seeking a declaration that the board has the authority to reconsider its prior revocation order subsequent to the expiration of the appeal period.

■ For the reasons which follow, however, this court concludes that the trial court erroneously denied relief as to that aspect of plaintiff's complaint seeking a declaration that the board has the authority to reinstate him to the practice of medicine in this state. In reaching its conclusion that the board lacked such authority under R.C. Chapter 4731, the trial court relied upon the decision rendered in *Welsh, supra.* In *Welsh,* the Cuyahoga County Court of Appeals concluded that no provision of R.C. Chapter 4731 authorized the board to:

" * * * reconsider an application seeking the reinstatement of a license after an order revoking a license has become final either on appeal or by reason of the failure of the licensee to appeal as provided by Section 119.12, Revised Code. * * *

" * * * *

"The Ohio State Medical Board was, therefore, without jurisdiction to consider appellant's application for the restoration of his license to practice * * *." *Id.,* 111 Ohio App. at 94, 12 O.O.2d at 275–76, 83 Ohio Law Abs. at 148, 165 N.E.2d at 668.

Upon review of R.C. Chapter 4731 as it existed in 1960, it is apparent that the provisions of that chapter were substantially amended in 1976. The code provisions relied upon by the *Welsh* court in 1960 provided as follows:

"Sections 4731.07, 4731.08, and 4731.14 to 4731.28 inclusive, of the Revised Code shall govern the state medical board, all of the officers mentioned therein, and the applicants for and recipients of limited certificates to practice a limited branch of medicine or surgery. In addition to the power of the board to revoke and suspend certificates provided for in section 4731.22 of the

Revised Code it may also revoke or suspend the certificate of any one to whom a limited certificate has been issued upon proof of violation of the rules or regulations established by the board governing such limited practice." R.C. 4731.20.

"The state medical board may refuse to grant a certificate to a person guilty of fraud in passing the examination, or at any time guilty of felony or gross immorality, grossly unprofessional or dishonest conduct, or addicted to the liquor or drug habit to such a degree as to render him unfit to practice medicine or surgery.

" * * *

"The board, by a vote of not less than five members, may revoke or suspend a certificate for like cause." R.C. 4731.22.

In 1975, the General Assembly amended R.C. 4731.22 by deleting much of the former language and by adding subsections (A) and (B). New subsection (B) provided as follows:

"The board shall, to the extent permitted by law, limit, reprimand, revoke, suspend, place on probation, refuse to register, or reinstate a certificate for one or more of the following reasons[.]"

In light of the above changes in the Revised Code, this court concludes that the General Assembly intended by the 1975 amendments to R.C. 4731.22 to expand the power of the board to include the review of applications for reinstatement to the practice of medicine. This language concerning reinstatement of a certificate, although subsequently changed in 1982 by Am.Sub. H.B. No. 317 to refer to reinstatement of an applicant, is also referenced under the current version of R.C. 119.12, which states in pertinent part:

"Notwithstanding any other provision of this section, any order issued by a court of common pleas suspending the effect of an order of the state medical board * * * that limits, revokes, suspends, places on probation, or refuses to register or reinstate a certificate issued by the board * * *."

While the board suggests that the term "reinstatement" is utilized in R.C. 4731.22 only in reference to suspensions, as evidenced by the provisions of R.C. 4731.22(G), such argument ignores the fact that this subsection of R.C. 4731.22 was not added until 1982 and subsequent to the 1975 amendments set forth above. This court reads R.C. 4731.22(G) as stating only the requirement that the board specify, in suspension orders, the conditions which must be met before a suspended physician is reinstated to the practice of medicine. There is no indication that the General Assembly intended, by adopting this subsection, to restrict the authority of the board to otherwise reinstate a physician whose license has been revoked.

Moreover, our construction of this language is also consistent with the plain meaning of the terms "revoke" and "reinstate." The term "revoke" means "[t]o annul or make void by recalling or taking back; to cancel, rescind, repeal, or reverse." Black's Law Dictionary (5 Ed.Rev.1979) 1188. "Reinstate" means "[t]o reinstall; to reestablish; to place again in a former state, condition, or office; to restore to a state or position from which the object or person had been removed." Black's Law Dictionary (5 Ed.Rev.1979) 1157. There is nothing in the definition of "revoke" which compels this court to conclude that this term contemplates only a permanent and irreversible condition. Likewise, there is nothing in the definition of the term "reinstate" to warrant restricting the use of that term to suspensions alone. The board's argument in this respect is also belied elsewhere in R.C. Title 47, where the term "reinstatement" is used in reference to a license which has been revoked. See, *e.g.*, R.C. 4741.24 and 4761.09.

Finally, this court notes the board's erroneous reliance upon *In re Application of Corrigan* (1989), 47 Ohio St.3d 32, 546 N.E.2d 1315. In that case, the Supreme Court of Ohio permanently prohibited an applicant for the bar examination from ever reapplying for admission to the practice of law in Ohio. While the board is correct in asserting that *Corrigan* represents the power of a governing body to permanently prohibit an individual from engaging in a regulated profession under appropriate circumstances, there is nothing in the record before this court which indicates that the board intended to permanently prohibit plaintiff from the practice of medicine in Ohio. Rather, the board's order appears to be its standard order revoking a medical license with no other language indicating a permanent revocation as was done in *Corrigan.* Moreover, the Rules for the Government of the Bar specifically prohibit a disbarred attorney from ever being readmitted to the practice of law in this state. See Section 8, Rule V, Rules for the Government of the Bar.

Based on the foregoing, this court concludes that R.C. 4731.22(B) authorizes the board to reinstate to the practice of medicine a physician whose medical license has previously been revoked. Our holding in this regard is not meant to suggest that the board grant plaintiff's request for reinstatement, but is limited to a recognition of the board's authority to consider an application for reinstatement. Whether and how the board chooses to exercise its powers are not before us. Accordingly, the trial court erred in concluding that the board lacked authority to consider plaintiff's application for reinstatement to the practice of medicine.

Appellant's first assignment of error is sustained in part and reversed in part, while the second assignment of error is overruled, no argument having been made thereunder. The judgment of the Franklin County Court of

Common Pleas is affirmed with respect to its conclusion that the board lacked authority to reconsider its prior 1987 order revoking plaintiff's license, but is reversed as to its conclusion that the board lacked authority to consider plaintiff's application for reinstatement as a physician. This matter is remanded to the court of common pleas for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.