DeBLANCO, Appellant,

v.

OHIO STATE MEDICAL BOARD, Appellee.

[Cite as <em>DeBlanco v. Ohio State Medical Bd.</em> (1992), 78 Ohio App.3d 194.]

Court of Appeals of Ohio,<br/>Franklin County.

No. 91AP–425.

Decided Feb. 4, 1992.

---

**196**

*Cassidy & Meeks, R. William Meeks* and *Samuel H. Shamansky,* for appellant.

*Lee I. Fisher,* Attorney General, and *John C. Dowling,* Assistant Attorney General, for appellee.

WHITESIDE, Judge.

This is an appeal by appellant, Anne D. DeBlanco, M.D., from a judgment of the Franklin County Court of Common Pleas affirming an order of the Ohio State Medical Board revoking her license to practice medicine and surgery. In support of her appeal, DeBlanco raises four assignments of error, as follows:

"1. Ohio Revised Code Section 119.10, which requires the Ohio Attorney General to represent and advise an administrative agency and which requires the Ohio Attorney General to prosecute cases in front of the same administrative agency, is unconstitutional on its face and in its application to appellant, in that appellant's right to due process of law as guaranteed by the federal and state constitutions is violated by this statutory framework.

"2. Ohio Revised Code Section 4731.23, which requires the Ohio State Medical Board to choose the hearing examiner who presides over administrative hearings, is unconstitutional on its face and in its application to appellant, as it violates appellant's right to due process of law as guaranteed by the federal and state constitutions.

"3. Ohio Revised Code Section 4731.23, which requires the Ohio State Medical Board to choose the hearing examiner who presides over administrative hearings, is unconstitutional on its face and in its application to appellant, as it violates appellant's right to due process of law as guaranteed by the federal and state constitutions.

"4. The findings of the State Medical Board were not supported by reliable, probative, and substantial evidence; and therefore, the decision to

revoke appellant's license violated the due process provisions of the federal and state constitutions."

Although the second and third assignments of error read identically, in the argument portion of the brief, DeBlanco contends by the latter that R.C. 4731.22 is unconstitutional.

The underlying facts are that DeBlanco was convicted in the Franklin County Court of Common Pleas of forgery, theft, and Medicaid fraud following a bench trial. On November 16, 1989, she was sentenced to a one-year term of imprisonment on each count, but the imprisonment terms were suspended, and DeBlanco was placed on two years' probation and ordered to pay restitution in an amount to be determined by the probation department of the court. DeBlanco appealed her conviction to this court, resulting in a judgment of affirmance in *State v. DeBlanco* (July 30, 1991), Franklin App. No. 89AP–1493, unreported, 1991 WL 3625.

The first three assignments of error raise issues as to the constitutionality of the procedure contemplated by R.C. 119.10, 4733.22 and 4733.23.

■ By the first assignment of error, DeBlanco contends that R.C. 119.10 is unconstitutional insofar as it provides that the Attorney General of Ohio, who is by law the advisor to the administrative agency, also prosecutes cases in front of that administrative agency. R.C. 119.10 provides that:

"At any adjudication hearing * * * which may be the basis of an appeal to court * * * the attorney general or any of his assistants or special counsel who have been designated by him shall represent the agency."

DeBlanco urges this court to find this statute unconstitutional both on its face and in its application to her in the case *sub judice.*

Although not cited by the parties, R.C. 109.02 provides in pertinent part, as follows:

"The attorney general is the chief law officer for the state and all its departments * * *. No state officer, board, or the head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law. * * * "

R.C. 109.03 provides in pertinent part that:

"The attorney general may appoint a first assistant attorney general, a chief counsel, and assistant attorneys general, each of whom shall be an attorney at law * * * and each shall perform such duties, not otherwise provided by law, as are assigned him by the attorney general."

Similarly, R.C. 109.07 provides in pertinent part that:

"The attorney general may appoint special counsel to represent the state in civil actions, criminal prosecutions, or other proceedings in which the state is a party or directly interested. * * * "

R.C. 109.12 provides in pertinent part that:

"The attorney general, when so requested, shall give legal advice to a state officer, board, commission * * * in all matters relating to their official duties."

The record reflects that the Assistant Attorney General who prosecuted the matter before the board played no adjudicative role with respect to advice to the board. Under R.C. 119.10, the Assistant Attorney General assigned to represent the agency in the prosecution is not entitled to take part in the board's post-hearing deliberations. The record indicates that two Assistant Attorneys General participated in the prosecution before the hearing examiner appointed by the medical board. There is nothing in the record indicating that either of these two Assistant Attorneys General participated in the board's deliberations on the matter or even advised the board with respect thereto when it considered the recommendations of the appointing hearing examiner and the objections of DeBlanco thereto.

First, we find no facial unconstitutionality in R.C. 119.10 in providing that the Attorney General or one of his assistants or a special counsel appointed by the Attorney General shall represent the agency in any adjudication proceedings under R.C. Chapter 119. Nor do we find any indication in the record of unconstitutional application of R.C. 119.10 to the detriment of appellant DeBlanco, that is, any undue influence exerted by the Attorney General through one of his assistants with respect to the board action. In addition, for reasons stated *infra*, even if the proceedings were questionable, there has been no prejudice resulting to appellant DeBlanco. Accordingly, the first assignment of error is not well taken.

The second and third assignments of error are interrelated in that the issue raised is the constitutionality of the Ohio State Medical Board's choosing the hearing examiner presiding over the administrative hearing, pursuant to R.C. 4731.23, with respect to assignment of error number two, and pursuant to R.C. 4731.22, with respect to assignment of error number three. This is related to the first assignment of error in that the underlying issue or problem is the Ohio State Medical Board's acting both as the complainant or accuser and as the determiner or administrative tribunal.

R.C. 4731.23(A) provides in pertinent part that:

"The state medical board shall designate an attorney at law who has been admitted to the practice of law, and who is classified as either an administra-

tive law attorney examiner or as an administrative law attorney examiner administrator * * * as a hearing examiner, subject to Chapter 119. of the Revised Code, to conduct any hearing which the medical board is empowered to hold or undertake pursuant to Chapter 119. of the Revised Code. Such hearing examiner shall hear and consider the oral and documented evidence introduced by the parties and issue in writing proposed findings of fact and conclusions of law to the board for their consideration within thirty days following the close of the hearing."

It is this provision which DeBlanco contends is unconstitutional both facially and in its application. DeBlanco's objection is "that the board has its own counsel serving as prosecutor and designates the attorney of its choice to serve as the finder of fact." DeBlanco contends that this procedure deprives her of having a hearing before a neutral detached factfinder. DeBlanco cites only *In re Murchison* (1955), 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942, in support of her contentions. In that case, however, there was a statutory scheme whereby a judge acted as a one-person grand jury, charged a witness with contempt because of alleged perjury in his answers at the secret one-person grand jury hearing, and then proceeded to try the contempt charge. That case is not determinative of the issues herein.

With respect to the sole issue before us, the constitutionality of R.C. 4731.23(A) providing for appointment of a hearing examiner, we find no constitutional infirmity. The situation is no different from that of a trial judge appointing a referee under Civ.R. 53 to hear evidence and make a recommendation for disposition. The fact that the trial judge appoints the referee creates no constitutional issue of denial of due process.

DeBlanco also relies upon *Konigsberg v. State Bar of California* (1957), 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810, which holds to the effect that applicants for admission to the practice of law are entitled to due process if their application is rejected on the grounds that they do not have the proper moral character. From a constitutional standpoint, we find no basis to distinguish the licensure of doctors from that of lawyers. Accordingly, we agree with appellant DeBlanco that she is entitled to due process, including notice and an opportunity to be heard before her license can be revoked.

Nevertheless, we find no basis for determining that appellant DeBlanco has been denied her constitutional due process right to a proper hearing prior to revocation of her license to practice medicine. In this regard, we must first look to the charge against appellant DeBlanco—the misconduct of which she was found guilty. The charge was that:

"On or about September 18, 1989, you were found guilty in the Common Pleas Court of Franklin County of one (1) count of Medicaid fraud, a felony of

the third degree, in violation of Section 2913.40(B), Ohio Revised Code; one (1) count of grand theft, a felony of the third degree, in violation of Section 2913.02(A)(3), Ohio Revised Code; and ten (10) counts of forgery, each a felony of the fourth degree, in violation of Section 2913.31(A)(3), Ohio Revised Code."

The evidence as to these convictions is overwhelming, appellant DeBlanco not even denying that she was so convicted. In short, it is difficult to find the basis for any factual matter committed to the hearing examiner for determination that could have been affected by the hearing examiner's having been appointed by the Ohio State Medical Board, even if there were somehow an impropriety in such an appointment relationship under some circumstances. R.C. 4731.23(A) is facially constitutional, there being no denial of due process by the hearing examiner's being appointed by the administrative tribunal which will make the final determination. Likewise, there is no basis for finding R.C. 4731.23(A) unconstitutional in its application. The second assignment of error is not well taken.

By the third assignment of error, appellant DeBlanco made similar contentions of unconstitutionality with respect to R.C. 4731.22, although the assignment of error itself again refers to R.C. 4731.23. The grounds for disciplining doctors and the range of penalties for misconduct are set forth in R.C. 4731.22. Appellant DeBlanco raises no issue with respect to the provisions of R.C. 4731.22 but, instead, contends that there are provisions that should be included which are not. Specifically, appellant DeBlanco contends that, here, constitutional rights have been violated because R.C. 4731.22 provides no reinstatement procedure for a doctor whose license has been revoked. Appellant DeBlanco translates the absence of such provision to a bar of any application for reinstatement by a doctor whose license has been revoked, thereby depriving such doctor of the right to earn a living in his or her chosen profession for which he or she has been trained.

However, we find no provision in R.C. Chapter 4731 precluding "reinstatement" of a doctor whose license has been revoked by issuing a new license to such person. A doctor whose license has been revoked may apply for relicensure to engage in the practice of medicine. See R.C. 4731.12 and 4731.22. R.C. 4731.22(G) was amended effective March 27, 1991, to provide that:

"Any action taken by the board under division (B) of this section resulting in a suspension from practice shall be accompanied by a written statement of the conditions under which the certificate holder may be reinstated to practice. The board shall adopt rules governing conditions to be imposed for reinstatement. Reinstatement of a certificate suspended pursuant to division (B) of

this section requires an affirmative vote of not less than six members of the board."

The Ohio State Medical Board appears to argue that this provision applies only to physicians whose licenses have been suspended, rather than revoked, and that it has always considered revocation to be permanent and irreversible. However, as the medical board concedes, this court in *Bouquett v. Ohio State Medical Bd.* (1991), 74 Ohio App.3d 203, 208, 598 N.E.2d 762, 765, expressly held "that R.C. 4731.22(B) authorizes the board to reinstate to the practice of medicine a physician whose medical license has previously been revoked." We recognized the language of R.C. 4731.22(G) referring to suspension but found that it did not limit the broader language of R.C. 4731.22(B), which expressly states that:

"The board, pursuant to an adjudicatory hearing * * * and by a vote of not less than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons: * * *."

The two provisions serve different purposes. R.C. 4731.22(G), in the case of suspension from practice, requires the board to include in its action suspending the license a written statement of the conditions under which the certificate holder may be reinstated to practice. There is no such similar provision for notification of conditions with respect to a doctor whose license has been revoked, rather than suspended. However, R.C. 4731.22(B) expressly contemplates that an application may be made for new licensure or for reinstatement even by a doctor whose license to practice medicine has been revoked, although one of the grounds of denying such new licensure or reinstatement of previous licensure would be the same as the reason for revocation of the license herein, namely, the provision of R.C. 4731.22(B)(9), that the Ohio State Medical Board may take appropriate disciplinary action with respect to a doctor who has entered "a plea of guilty to, or a judicial finding of guilt of, a felony[.]"

Accordingly, R.C. 4731.22 is not facially unconstitutional since it does not preclude reinstatement of the licensure of a doctor whose license has been revoked. Since appellant DeBlanco has not attempted reinstatement, there is no basis for finding that R.C. 4731.22 has been unconstitutionally applied to her with respect to reinstatement. Such issue is premature and not before the court at this time, and we will not assume that the Ohio State Medical Board will act unreasonably or unlawfully when and if it becomes appropriate for appellant DeBlanco to apply either for reinstatement or a new license. Accordingly, the third assignment of error is not well taken.

By the fourth assignment of error, appellant DeBlanco contends that the common pleas court abused its discretion in finding that the order of the Ohio State Medical Board is supported by reliable, probative, and substantial evidence. As to guilt of the charge itself, there is no question. Appellant DeBlanco concedes she was convicted of felonies but complains because the evidence consists solely of documents indicating that conviction of felony crimes. DeBlanco contends that the common pleas court should have considered evidence that indicated that the conduct which constituted the basis for her convictions was unintentional and also evidence that she was a competent practitioner delivering first-rate medical care to her patients. Such evidence is irrelevant to the basic issue of whether disciplinary action should be taken pursuant to R.C. 4731.22(B)(9) because of DeBlanco's felony convictions. Rather, the evidence, at best, pertains to mitigation and a contention that the punishment for DeBlanco's misconduct should have been less severe than that meted out by the Ohio State Medical Board. Predicated upon that contention, DeBlanco contends that the medical board abused its discretion in ordering permanent revocation of her medical license.

Since, as we indicated above, the only possible conclusion by the court of common pleas was that the decision of the Ohio State Medical Board finding that DeBlanco should be punished pursuant to R.C. 4731.22(B)(9) is not only supported by reliable, probative, and substantial evidence but is the only conclusion supported by evidence. Under such circumstances, the common pleas court is precluded from interfering or modifying the penalty which the agency imposed, so long as such penalty is authorized by law. *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678. Accordingly, the fourth assignment of error is not well taken.

For the foregoing reasons, all four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and STRAUSBAUGH, J., concur.