WILLIAMS, Appellant,

v.

OHIO STATE MEDICAL BOARD, Appellee.

[Cite as *Williams v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 743.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1182.

Decided March 19, 1992.

744

[redacted]

*Cassidy & Meeks, R. William Meeks* and *Samuel H. Shamansky,* for appellant.

*Lee Fisher,* Attorney General, and *Odella Lampkin,* Assistant Attorney General, for appellee.

PEGGY BRYANT, Judge.

Appellant, Robert A. Williams, M.D., appeals from a judgment of the Franklin County Court of Common Pleas which affirmed the order of appellee, Ohio State Medical Board ("board"), revoking appellant's license to practice medicine and surgery.

On November 2, 1989, a Jackson County jury found appellant guilty of nine counts in violation of R.C. 2925.23(B)(2), which provides that:

"(B) No person shall intentionally make, utter, or sell, or knowingly possess a false or forged:

" * * *

"(2) Uncompleted preprinted prescription blank used for writing a prescription[.]"

On November 8, 1989, a judge of the Jackson County Common Pleas Court accepted the jury verdict; appellant ultimately was sentenced. Appellant appealed his conviction.

On November 17, 1989, the board issued a citation letter to appellant, notifying him that the board intended to determine whether sanctions were appropriate as a result of his being found guilty of nine felony counts of illegal processing of drug documents in violation of R.C. 2925.23(B)(2). The board alleged that such conduct violated R.C. 4731.22(B)(2), (3), (6), (9) and (20).

Following a hearing, the hearing examiner recommended that appellant's license to practice medicine and surgery be revoked; the board adopted the hearing examiner's recommendation and revoked appellant's license.

Appellant appealed to the common pleas court, which affirmed the board's order. Appellant appeals therefrom, assigning the following errors:

"I. The criminal convictions which formed the basis for the State Medical Board's decision revoking appellant's medical license were obtained in violation of appellant's constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution and thus, the use of said convictions to form a basis of revocation of appellant's medical license deprived him of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, of the Ohio Constitution.

"II. Ohio Revised Code Section 119.10, which requires the Ohio Attorney General to represent and advise an administrative agency, and which further requires the Ohio Attorney General to prosecute cases in front of the same

administrative agency, is unconstitutional on its face, in that it violates appellant's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

"III. Ohio Revised Code Section 119.10, which requires the Ohio Attorney General to represent and advise an administrative agency, and which requires the Ohio Attorney General to prosecute cases in front of the same administrative agency, is, in its application to appellant, violative of his right to due process of law as guaranteed by the federal and state Constitutions.

"IV. Ohio Revised Code Section 4731.23, which requires the Ohio State Medical Board to choose the hearing examiner who presides over administrative hearings before the board, is unconstitutional on its face and in its application to appellant, as it is violative of his right to due process of law as guaranteed by the federal and state Constitutions.

"V. Ohio Revised Code Section 4731.22, which does not provide a reinstatement procedure for a doctor whose license to practice medicine has been revoked, is unconstitutional on its face and in its application to appellant, as it is violative of appellant's right to due process of law as guaranteed by the federal and state Constitutions.

"VI. Appellant was denied due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, of the Ohio Constitution, when Dr. Rauch, a member of the Ohio State Medical Board, testified against appellant at his criminal trial and was present at the proceeding wherein appellant's license to practice medicine was revoked.

"VII. The findings of the State Medical Board were not supported by reliable, probative, and substantial evidence; and therefore, the decision to revoke appellant's license to practice medicine violated the due process provisions of the federal and state Constitutions."

In his first assignment of error, appellant contends that, because the criminal convictions which formed the basis for the board's order were obtained in violation of appellant's constitutional rights, the use of said convictions as a basis for revoking appellant's license also violates appellant's constitutional rights.

This court addressed a similar argument in *In re Appeal of Plotnick* (Sept. 27, 1984), Franklin App. No. 84AP–225, unreported, 1984 WL 5921. Therein, this court noted that, despite the appeal of a conviction, a conviction exists and "remains valid and enforceable during the pendency of an appeal" for purposes of R.C. 4731.22.

■ While sentence had not been imposed on appellant at the time of the board's hearing, the jury verdict had been accepted; and, at the time of the board's order, appellant had been sentenced on the nine felony convictions in Jackson County. Hence, under *Plotnick,* until the criminal convictions are reversed on appeal, they constitute a valid basis for the board's finding violations of R.C. 4731.22. Appellant's first assignment of error is overruled.

Appellant's second assignment of error challenges the facial constitutionality of R.C. 119.10, which requires the Ohio Attorney General both to represent and advise an administrative agency, and to prosecute cases before the same agency. This court recently addressed the precise issue in *DeBlanco v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 194, 604 N.E.2d 212, and found no facial unconstitutionality in R.C. 119.10. For the reasons set forth therein, appellant's second assignment of error is overruled.

■ On the same basis, appellant's third assignment of error challenges the constitutionality of R.C. 119.10 as applied to him. While the assistant attorney general participated in the prosecution before the hearing examiner, nothing suggests that he participated in the board's deliberations on the matter or even advised the board concerning the hearing examiner's recommendation or appellant's objections thereto. Inasmuch as the record does not reveal that the assistant attorney general assigned to the case exerted any undue influence regarding board action, we overrule appellant's third assignment of error.

Appellant's fourth assignment of error challenges the constitutionality of R.C. 4731.23, which requires the State Medical Board to choose the hearing examiner for administrative hearings before the board; appellant contends that R.C. 4731.23 is unconstitutional on its face and in its application to appellant. Again, this court addressed and rejected the same argument in *DeBlanco.* For the reasons set forth in *DeBlanco,* appellant's challenge to the facial constitutionality of R.C. 4731.23 is not well taken.

Moreover, the record does not support appellant's contention that R.C. 4731.23 is unconstitutional in its application to him. As in *DeBlanco,* the board's actions were premised on felony convictions. Further, as did the physician in *DeBlanco,* appellant herein did not deny the convictions; rather, appellant noted that they were being challenged on appeal. Hence, the same conclusion reached in *DeBlanco* applies herein: " * * * it is difficult to find the basis for any factual matter committed to the hearing examiner for determination that could have been affected by the hearing examiner's having been appointed by the Ohio State Medical Board, even if there were somehow an impropriety in such an appointment relationship under some circumstances. * * * " *Id.* at 200, 604 N.E.2d at 215–216. Finding no basis to hold R.C.

4731.23(A) unconstitutional on its face or in its application to appellant, we overrule appellant's fourth assignment of error.

■ In his fifth assignment of error, appellant challenges the constitutionality of R.C. 4731.22. Appellant asserts that the absence of a provision for reinstatement of his revoked license bars his application for reinstatement, thereby depriving him of the "right to earn a living in his or her chosen profession."

The argument appellant advances was also asserted and addressed in *DeBlanco*. Therein this court found that R.C. Chapter 4731 does not preclude reinstatement of a doctor whose license has been revoked. To the contrary, the court determined that a doctor whose license has been revoked " * * * may apply for relicensure to engage in the practice of medicine. See R.C. 4731.12 and 4731.22. * * * " *Id.* at 200, 604 N.E.2d at 216. Indeed, in *Bouquett v. Ohio State Med. Bd.* (1991), 74 Ohio App.3d 203, 598 N.E.2d 762, this court expressly stated that " * * * R.C. 4731.22(B) authorizes the board to reinstate to the practice of medicine a physician whose medical license has previously been revoked. * * * " Consistent therewith, we find that R.C. 4731.22 is not facially unconstitutional since it does not preclude reinstatement to the practice of medicine of a doctor whose license has been revoked. Further, since appellant has not attempted reinstatement, no basis exists for determining R.C. 4731.22 has been unconstitutionally applied to him regarding reinstatement. Appellant's fifth assignment of error is overruled.

■ In his sixth assignment of error, appellant contends that he was denied due process of law when Dr. Rauch, a member of the board, testified against appellant in the criminal proceedings in Jackson County and also was present at the proceedings wherein the board revoked appellant's license to practice medicine and surgery.

The minutes reveal that Dr. Rauch was present during, but did not participate in, the discussion of the hearing examiner's report and recommendation concerning appellant, including discussion of the severity of sentence appropriate to appellant's case. One of the doctors moved to table the matter; Dr. Rauch abstained from the vote, and the motion carried. Thereafter, Dr. Rauch, as well as other members of the board, expressed concern over appellant's counsel's behavior in the boardroom. The board then turned to other matters. Later, Dr. Ross moved to remove appellant's case "from the table." Dr. Rauch, along with all the other members present, voted in favor of the motion.

One of the doctors then noted that a motion to approve and confirm the hearing examiner's report and recommendation was on the floor, and that the

motion had been seconded. Although Dr. Ross had initially moved to table the matter to draft an alternative order, he indicated he was ready to vote on the motion as it stood. A roll call was taken from which Dr. Crablett and Dr. Rauch abstained, the remaining members voting in favor of the motion. As a result, an order was entered revoking appellant's license to practice medicine and surgery.

While Dr. Rauch clearly was present during the deliberations in appellant's case, he did not participate in those deliberations other than to comment on appellant's counsel's behavior in the boardroom and to vote affirmatively to bring the matter back to the floor for consideration. On those facts, we are unable to find that appellant has been prejudiced or that his constitutional rights have been abridged by virtue of Dr. Rauch's presence in the boardroom. Accordingly, we overrule appellant's sixth assignment of error.

In his seventh and final assignment of error, appellant contends that the findings of the board were not supported by substantial, reliable and probative evidence, and that the common pleas court abused its discretion in affirming the board's order in the absence of substantial, reliable and probative evidence to support it.

Subsequent to the parties' briefing this matter, the Court of Appeals for the Fourth Appellate District reversed appellant's nine felony convictions. Since the board's sanction against appellant was based in part on his felony convictions, appellant's assignment of error is well taken. Moreover, to the extent the board premised its action on other facts from the record, the reversal of appellant's convictions nonetheless makes appropriate a remand of this action to the common pleas court with instructions to return the matter to the board for reconsideration of its action against appellant in light of the reversal of appellant's criminal convictions, which were the premise for the board's initiating proceedings against appellant.

Having overruled appellant's first, second, third, fourth, fifth and sixth assignments of error, but having sustained his seventh assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas, and remand for further proceedings consistent herewith.

*Judgment reversed*
*and cause remanded.*

McCORMAC and PETREE, JJ., concur.