ROY, Appellant,

v.

**OHIO STATE MEDICAL BOARD, Appellee.**

[Cite as *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1306.

Decided July 9, 1992.

676

*Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman, Orla E. Collier* and *Jeremy Gilman,* for appellant.

*Lee Fisher,* Attorney General, *John C. Dowling* and *Odella Lampkin,* Assistant Attorneys General, for appellee.

DESHLER, Judge.

This is an appeal by appellant, Sukumar Roy, M.D., from a judgment of the Franklin County Court of Common Pleas, affirming the order of appellee, State Medical Board of Ohio ("board"), revoking appellant's certificate to practice medicine and surgery in the state of Ohio.

The record indicates that, on July 11, 1990, a jury of the Cuyahoga County Court of Common Pleas found appellant guilty of two counts of theft in violation of R.C. 2913.02. More specifically, the jury found that appellant "knowingly and by deception obtained or exerted control over money with the purpose to deprive" the owners, Community Mutual Insurance Company ("Community Mutual") and Blue Cross/Blue Shield of Ohio ("Blue Cross/Blue Shield") of property or services.

On August 8, 1990, the trial court sentenced appellant to two concurrent six-month sentences and ordered him to pay restitution in the amount of $310 to Community Mutual and $325 to Blue Cross/Blue Shield. The court suspended the prison sentences on the condition that appellant pay costs and fines, serve two years of probation and perform sixty hours of community service.

By letter dated August 8, 1990, the board informed appellant of its intention to determine whether appellant had violated certain provisions of R.C. 4731.-

22(B) because of his convictions for the two felony counts of theft. More specifically, the letter alleged that the finding of guilt as to the theft charges constituted (1) a plea of guilty to, or a judicial finding of guilt, of a felony in violation of R.C. 4731.22(B)(9); (2) publishing a false, fraudulent, deceptive or misleading statement in violation of R.C. 4731.22(B)(5); and (3) obtaining, or attempting to obtain, money or anything of value by fraudulent misrepresentations in the course of practice in violation of R.C. 4731.22(B)(8).

By letter dated September 4, 1990, appellant requested a hearing on the matter. A hearing was scheduled to be held before a board hearing examiner on October 4, 1990.

At the hearing, the hearing examiner accepted into evidence a certified copy of the journal entry filed in the Cuyahoga County Court of Common Pleas, indicating the jury's finding of guilt of two counts of theft of property. The evidence presented indicated that appellant's convictions for theft arose from his participation in health screenings which were conducted as "health fairs" or "healthoramas." The health fairs, which were advertised as a free service, were organized by an individual named Jag Kotha. Appellant had agreed to serve as the medical director of this enterprise.

The findings of fact of the hearing examiner note that, between August 4, 1988 and December 2, 1988, appellant submitted claims for spirometry tests and respiratory flow volume loops to Community Mutual and Blue Cross/Blue Shield. The Blue Cross/Blue Shield claim form carried a certification over the physician's signature stating, "I certify that I was the doctor in charge of the patient during the period shown above and that I am legally qualified to perform the services stated herein and that I personally performed said service." The signature block was stamped with either a facsimile of appellant's signature or his name and business address, and each claim form indicated that the tests had been performed to rule out the presence of certain diseases or conditions.

The hearing examiner noted that appellant testified at the hearing that he had interpreted the test results but that he had never seen or examined any of the patients for whom the claims were submitted. The evidence indicated that appellant had never previously billed insurance companies for patients he had not treated. The evidence also indicated that it was not appellant's practice to attend the health fairs and that appellant did not ask any patient to take a respiratory test, nor did he personally represent to any patient that such a test was free.

The hearing examiner issued her report and recommendation on November 5, 1990, concluding that appellant's conduct violated R.C. 4731.22(B)(5), (8) and

(9).  The hearing examiner recommended that appellant's certificate to practice medicine and surgery in Ohio be revoked.

Appellant filed objections to the report with the board.  On December 5, 1990, the board voted to approve and adopt the report and recommendation of the hearing examiner.  The board issued an order, dated December 7, 1990, revoking the certificate of appellant to practice medicine and surgery in the state of Ohio.

On December 21, 1990, appellant filed a notice of appeal with the Franklin County Court of Common Pleas.  On September 9, 1991, the trial court rendered its decision, finding that the order of the board was supported by reliable, probative and substantial evidence and was in accordance with law.  The decision of the trial court was journalized by judgment entry dated October 24, 1991.

On appeal, appellant asserts six assignments of error for review:

"1.  The trial court's judgment affirming the Board's order was erroneous as a matter of law because the Board's decision to revoke Dr. Roy's certificate was not rendered in accordance with Ohio law.

"2.  The trial court's judgment affirming the Board's order was erroneous as a matter of law because the Board's order was predicated on the application of an agency rule which the Board adopted in violation of Ohio's Administrative Procedure Act.

"3.  The trial court's judgment affirming the Board's order was erroneous as a matter of law because the Board's decision to revoke Dr. Roy's certificate constituted an unreasonable exercise of its police power and was not supported by reliable, probative, and substantial evidence.

"4.  Section 4731.22 of the Ohio Revised Code constitutes an impermissible delegation of authority to the Board in that it authorizes the Board to discipline physicians without criteria or standards to guide or control the agency's discretion.  That, coupled with the Board's failure to promulgate valid rules governing physician discipline under Ohio Revised Code § 4731.22, necessarily subjected Dr. Roy to an arbitrary adjudication in derogation of his constitutional rights.

"5.  The Board's order was not supported by reliable, probative and substantial evidence and was predicated on incompetent and inadmissible evidence.

"6.  The trial court's judgment affirming the Board's order was erroneous as a matter of law because the Board was influenced by various extrinsic factors of an inflammatory and highly prejudicial nature which bear no direct

relevance to the facts of this case. The Board's consideration of these factors deprived Dr. Roy of his constitutional right to a fair hearing."

■ The standard of review to be applied by the trial court in reviewing an administrative appeal is set forth in R.C. 119.12, which provides that the court may affirm the order of the agency if it finds, based upon consideration of the entire record and such additional evidence submitted to the court, "that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." However, an appellate court, in reviewing a judgment of the trial court which determines such an administrative appeal, is limited to a determination whether the trial court has abused its discretion. *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267.

■ We will address appellant's fifth assignment of error first. Under this assignment of error, appellant asserts that the order of the board was not supported by reliable, probative and substantial evidence.

As previously noted, the hearing examiner concluded, and the board agreed, that appellant had engaged in conduct violative of R.C. 4731.22(B)(5), (8) and (9). Pursuant to R.C. 4731.22(B)(9), the board may take disciplinary action based upon "[a] plea of guilty to, or a judicial finding of guilt of, a felony." During the hearing before the board's hearing examiner, appellant stipulated to the exhibits introduced, which indicated that he had been convicted of two felonies in the Cuyahoga County Court of Common Pleas. The plain language of R.C. 4731.22(B)(9) indicates that the board's order was supported by sufficient evidence. See, *e.g., Sicking v. Ohio State Med. Bd.* (1991), 62 Ohio App.3d 387, 394, 575 N.E.2d 881, 886.

■ Appellant argues that the board failed to consider mitigating circumstances and that the mere introduction of the journal entries relating to appellant's convictions is insufficient to support a violation of R.C. 4731.-22(B)(9). This court has previously considered similar arguments. In *De-Blanco v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 194, 604 N.E.2d 212, this court held:

" * * * As to guilt of the charge itself, there is no question. Appellant DeBlanco concedes she was convicted of felonies but complains because the evidence consists solely of documents indicating that conviction of felony crimes. DeBlanco contends that the common pleas court should have considered evidence that indicated that the conduct which constituted the basis for her convictions was unintentional and also evidence that she was a competent practitioner delivering first-rate medical care to her patients. Such evidence is irrelevant to the basic issue of whether disciplinary action should be taken

pursuant to R.C. 4731.22(B)(9) because of DeBlanco's felony convictions. Rather, the evidence, at best, pertains to mitigation and a contention that the punishment for DeBlanco's misconduct should have been less severe than that meted out by the Ohio State Medical Board. * * * " *Id.* at 202, 604 N.E.2d at 217.

The court in *DeBlanco* noted that the only possible conclusion by the trial court was that the decision of the board that appellant, DeBlanco, should be punished pursuant to R.C. 4731.22(B)(9) "is not only supported by reliable, probative, and substantial evidence but it is the only conclusion supported by evidence." *Id.* Thus, in the present case, appellant's arguments regarding the sufficiency of the evidence, based upon possible mitigating circumstances and the introduction of the journal entries of convictions, are without merit.

■ Furthermore, in the case *sub judice*, the record indicates that the trial court did not abuse its discretion in affirming the order of the board regarding the finding of violations of R.C. 4731.22(B)(5) and (8).[1] In addition to the fact that appellant was found by the jury to have "knowingly and by deception" deprived the insurance companies of money in contravention of R.C. 2913.-02(A)(3),[2] the record supports the hearing examiner's conclusion that appellant "fraudulently certified that he was in charge of patients on the dates of service on billings submitted to Blue Cross/Blue Shield when, in fact, he had never seen or examined the patients." By appellant's own admission, he neither examined nor treated the individuals who attended the health fairs, despite the fact that appellant certified that he was the "doctor in charge of the patient" listed on the individual claim forms. The evidence further supports the conclusion that these certifications were made by appellant to obtain payments for medical services from Blue Cross/Blue Shield which would not have been payable unless the claim forms indicated, by a physician's representation, that the patients had been treated.

Based upon the foregoing, the trial court did not abuse its discretion in finding that the order of the board was supported by reliable, probative and substantial evidence. Appellant's fifth assignment of error is overruled.

---

1. R.C. 4731.22(B)(5) proscribes "[s]oliciting patients or publishing a false, fraudulent, deceptive, or misleading statement." R.C. 4731.22(B)(8) prohibits "[t]he obtaining of, or attempting to obtain, money or anything of value by fraudulent misrepresentations in the course of practice."

2. Ohio Adm.Code 4731–13–24 provides that "[a] certified copy of a plea of guilty to, or a judicial finding of guilt of any crime in a court of competent jurisdiction is conclusive proof of the commission of all of the elements of that crime."

■ Appellant's first and third assignments of error are interrelated and will be considered together. Under his first assignment of error, appellant asserts that the trial court erred in affirming the order of the board because the decision to revoke his certificate was not rendered in accordance with law, as the board failed to properly consider all of the sanctions available under the statute.

In support of this contention, appellant points to the following language contained in the report and recommendation of the board's hearing examiner:

"It is a long-standing policy of this Board to revoke licenses of practitioners convicted of felonies, particularly when those felonies are committed in the course of practice. Fraud in billing is a fraud committed in the course of practice. A revocation in this case is consistent with disciplinary guidelines and with previous actions taken by the Board."

Appellant asserts that the above language reveals that, in the present case, the board, relying solely upon its own disciplinary guidelines, followed an internal policy of imposing the sanction of revocation mandated by the guidelines in instances where a practitioner enters a plea of guilty or is convicted of a felony. Appellant argues that, because of the board's adherence to this policy, it failed to consider the entire range of sanctions delineated under R.C. 4731.22(B) when it acted to discipline appellant. Appellant argues that the board's decision is contrary to the recent holding of the Ohio Supreme Court in *Brost v. Ohio State Med. Bd.* (1991), 62 Ohio St.3d 218, 581 N.E.2d 515.

In *Brost,* the issue before the court was whether the board had imposed the sanction of revocation against a physician solely because the board felt it was bound by its disciplinary guidelines which, under the facts of that case, provided for revocation as the minimum sanction for the acts committed. The court in *Brost* held that:

"If, in fact, the board felt constrained to abide by the disciplinary guidelines without consideration of lesser sanctions provided in R.C. 4731.22(B), then the board's actions were, consequently, not in accordance with law. R.C. 4731.-22(B) provides that the board, 'pursuant to an adjudicatory hearing under Chapter 119. of the Revised Code and by a vote of not less than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate * * * or reprimand or place on probation the holder of a certificate * * *.' " *Id.,* 62 Ohio St.3d at 221, 581 N.E.2d at 518.

The court in *Brost* was unable to conclude whether the board felt compelled to apply the guidelines as binding authority. Thus, the court remanded the matter to the board, instructing the board that, although it may impose the

penalty of revocation, it also had the authority to consider all of the sanctions as provided in R.C. 4731.22(B).

Similar to the facts in *Brost,* in the present case the board's disciplinary guidelines provide for revocation as the minimum sanction for the category violated, *i.e.,* conviction of a felony. Given the language employed by the hearing examiner, it appears that the board, in adopting the report and recommendation of the hearing examiner, may not have exercised the discretion it possessed under R.C. 4731.22(B) because it felt constrained by its disciplinary guidelines. Based upon the holding of *Brost,* we conclude that the instant action must be remanded to the board to ensure that the board has taken into consideration all of the proper statutory sanctions irrespective of the board's disciplinary guidelines.

█ The thrust of appellant's third assignment of error is that the trial court erred in affirming the order of the board because the sanction imposed by the board was exceedingly harsh.

To the extent that appellant contends that the trial court erred in failing to modify the penalty imposed because the evidence does not support the board's action, appellant's argument is without merit. We have previously determined, in addressing appellant's fifth assignment of error, that the trial court did not abuse its discretion in finding that the order of the board was supported by reliable, probative and substantial evidence. The common pleas court, in concluding that the board's order was supported by such evidence, is "precluded from interfering or modifying the penalty which the agency imposed, so long as such penalty is authorized by law." *DeBlanco, supra,* 78 Ohio App.3d at 202, 604 N.E.2d at 217, citing *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678. See, also, *Sicking, supra,* 62 Ohio App.3d at 395, 575 N.E.2d at 887 ("Where the court of common pleas determines that a given violation is supported by reliable, probative and substantial evidence, and the penalty imposed is within the scope of the authority granted to the agency, the court may not substitute its judgment for that of the agency and modify the penalty imposed.").

█ While we remand this matter to make certain that the board's order of revocation was in accordance with law based upon the board's unrestricted ability to consider all of the statutory sanctions; our concern is not whether the trial court erred in failing to modify the board's order based upon the sufficiency of the evidence. Assuming that the board did not feel constrained to invoke the sanction of revocation based solely upon its internal disciplinary guidelines or policies, the sanction imposed was within the board's discretion pursuant to R.C. 4731.22(B). However, to the narrow extent that the sanction of revocation may have been based upon strict adherence to the board's

disciplinary guidelines, in contravention to the holding in *Brost, supra,* appellant's third assignment of error as it relates to the severity of the sanction is well taken.

■ Appellant further contends that the penalty imposed by the board constituted an unreasonable exercise of its police power. The thrust of appellant's argument is that the conduct at issue is unrelated to appellant's ability to practice medicine and that nothing in the record indicates that appellant's practice of medicine threatens the public's health, safety or welfare. Thus, appellant asserts that the board's order amounted to a flagrant abuse of its police power. We are unpersuaded.

It is well established that the General Assembly may enact reasonable regulations regarding the practice of medicine. *Nesmith v. State* (1920), 101 Ohio St. 158, 128 N.E. 57. The power of the state to provide for the general welfare of the public authorizes it to prescribe regulations which protect the public against the consequences of deception and fraud. *Dent v. West Virginia* (1888), 129 U.S. 114, 122, 9 S.Ct. 231, 233, 32 L.Ed. 623, 626. Numerous jurisdictions have held that disciplinary sanctions, including the penalty of revocation, may be imposed against a medical practitioner even though the conduct which is the subject of the sanction does not involve the ability of the physician to competently treat patients. See, *e.g., Feldstein v. Bd. of Registration* (1982), 387 Mass. 339, 439 N.E.2d 824 (revocation affirmed for criminal act of double billing on the basis that the practice of modern medicine involves not only care and treatment of patients but also financial management); *Giacco v. Commonwealth* (1981), 60 Pa.Commw. 408, 409, 431 A.2d 1147, 1148 (" * * * fraud in the practice of a health care profession is not limited to conduct which directly affects the care of patients but encompasses 'all aspects of professional conduct' "); *Flickinger v. Commonwealth* (1982), 64 Pa.Commw. 147, 439 A.2d 235 (plea of guilty to offenses of theft by deception involving improper payments was related to practice of profession because practitioner obtained payments by exploitation of his professional position).

In *Haley v. Med. Disciplinary Bd.* (1991), 117 Wash.2d 720, 733–734, 818 P.2d 1062, 1069–1070, the Washington Supreme Court stated that:

" * * * [T]he concerns with protecting the integrity of the profession and protecting the public are not unrelated. * * * As an interest of the state, however, preserving professionalism is not an end in itself. Rather, it is an instrumental end pursued in order to serve the state's legitimate interest in promoting and protecting the public welfare. To perform their professional duties effectively, physicians must enjoy the trust and confidence of their patients. Conduct that lowers the public's esteem for physicians erodes that

trust and confidence, and so undermines a necessary condition for the profession's execution of its vital role in preserving public health through medical treatment and advice."

Appellant's contention that the sanction assessed against him bears no reasonable relation to the promotion of public health, welfare and safety is not well taken. Again, assuming that the board properly considered all of the available statutory sanctions, the discipline imposed was not constitutionally infirm even if this court might have considered a lesser sanction than revocation.

Based upon the foregoing, appellant's first assignment of error is sustained. Appellant's third assignment of error is sustained in part and is overruled in part.

Under his second assignment of error, appellant asserts that the trial court erred in affirming the order of the board because the order was based upon an application of an invalid rule. The thrust of appellant's argument is that the board employed a "long-standing policy" of revoking medical licenses in response to felony convictions, and that such policy was derived from the board's disciplinary guidelines and constituted a "rule" which was never properly promulgated in accordance with the rule-making requirements of R.C. Chapter 119.

Given our disposition of the previous assignments of error, we do not reach the issue raised herein. Regardless of whether the disciplinary guidelines constitute "rules" as defined in R.C. Chapter 119, the board is required on remand, pursuant to the holding in *Brost, supra,* to exercise its discretion and consider all of the sanctions available under R.C. 4731.22(B). Thus, any error alleged by appellant under his second assignment of error is nonprejudicial.

Accordingly, appellant's second assignment of error is overruled.

Under his fourth assignment of error, appellant asserts that R.C. 4731.22 constitutes an impermissible delegation of authority to the board.

In *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 73–74, 9 OBR 273, 277, 458 N.E.2d 852, 857, the Ohio Supreme Court held:

"It is the function of the legislative body to determine policy and to fix the legal principles which are to govern in given cases. * * * However, it is not possible for the legislature to design a rule to fit every potential circumstance. As such, legislation may be general in nature, and discretion may be given to an administrative body to make subordinate rules, as well as to ascertain the facts to which the legislative policy applies. * * * In order to be valid, however, the legislative enactment must set forth sufficient criteria to guide the administrative body in the exercise of its discretion. * * * "

R.C. 4731.22(B) confers upon the board the authority to discipline practitioners and states in pertinent part:

"The board, pursuant to an adjudicatory hearing under Chapter 119. of the Revised Code and by a vote of not less than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons[.]"

The statute at issue sets forth the procedures to be employed by the board, provides the sanctions that the board may impose, and also delineates the specific conduct for which discipline shall be taken. Appellant's contention that the statute constitutes an unlawful delegation of authority to an administrative agency is without merit.

Appellant's fourth assignment of error is overruled.

Under his sixth assignment of error, appellant contends that the trial court erred in affirming the order of the board as a matter of law because the board was influenced by extrinsic factors which deprived appellant of his right to a fair hearing. The primary basis for appellant's argument concerns certain statements in the report of the hearing examiner in which the examiner alleges that the type of conduct engaged in by appellant contributes to rising health care costs.

We view the statements of the hearing examiner as extraneous dicta which did not constitute the basis for the board's adoption of the hearing examiner's report. Moreover, it is clear that the hearing examiner's conclusions regarding the statutory violations were based upon factual findings supported by the evidence presented at the hearing. In sum, we find that the statements at issue were not dispositive of the board's decision and did not affect substantial rights of appellant.

Accordingly, appellant's sixth assignment of error is without merit and is overruled.

Based upon the foregoing, the first assignment of error is sustained; the third assignment of error is sustained in part to the limited extent provided above, and is overruled in part; and the second, fourth, fifth and sixth assignments of error are overruled. The judgment of the trial court is reversed and this matter is remanded to the trial court with instructions to vacate its order affirming the order of the board and to enter an order in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded*
*with instructions.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.