ROY, Appellee,

v.

**MEDICAL BOARD OF OHIO, Appellant.**

[Cite as *Roy v. Ohio State Med. Bd.* (1995), 101 Ohio App.3d 352.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE07–1105.

Decided Feb. 23, 1995.

*Benesch, Friedlander, Coplan & Aronoff, Victor Goodman, Orla E. Collier* and *Jeremy Gilman,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Anne Berry Strait,* Assistant Attorney General, for appellant.

---

PEGGY BRYANT, Judge.

Appellant, State Medical Board of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas finding that R.C. 4731.22(B) does not allow appellant to permanently revoke the license to practice medicine and surgery of appellee, Sukumar Roy, M.D. Appellant's single assignment of error states:

"The common pleas court erred in holding that the State Medical Board of Ohio does not have authority pursuant to R.C. 4731.22(B) to permanently revoke a physician's certificate to practice medicine and surgery."

Having charged appellee with violating R.C. 4731.22(B)(5), (8) and (9) due to his convictions for two felony counts of theft, appellant, through its examiner, conducted a hearing on the alleged violations. Over appellee's objections, the board subsequently approved and adopted the report and recommendation of the hearing examiner and revoked appellee's license to practice medicine and surgery in the state of Ohio.

Appellee appealed to this court, which concluded that the common pleas court had not abused its discretion in finding the board order supported by substantial, reliable and probative evidence. Nonetheless, under *Brost v. Ohio State Med. Bd.* (1991), 62 Ohio St.3d 218, 581 N.E.2d 515, this court reversed the sanction imposed and remanded the matter for the board's reconsideration under the full range of sanctions available to the board irrespective of its internal disciplinary guidelines. *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675, 610 N.E.2d 562.

On remand, the board reconsidered its sanction, and once again voted to revoke appellee's license. However, in doing so, the board specifically noted that appellee's license to practice medicine and surgery in Ohio was permanently revoked. Appellee again appealed to the common pleas court, contending that the board lacked the statutory authority to permanently revoke his license. Following full briefing, the trial court agreed with appellee, holding that R.C. 4731.22(B) does not grant the board the authority to permanently revoke a doctor's license to practice medicine and surgery.

Appellant appeals to this court, asserting that the trial court erred in concluding that the board lacked the statutory authority to permanently revoke appel-

lee's license. In so holding, the common pleas court noted that nothing in R.C. 4731.22(B)[1] grants the board the authority to permanently revoke a license; rather, the board's authority is limited to simply revoking a license.

In *State v. White* (1987), 29 Ohio St.3d 39, 29 OBR 388, 505 N.E.2d 632, the Supreme Court considered similar statutory language, as well as similar contentions regarding the meaning of that language. Under R.C. 4507.16(A), as discussed in *White*, a trial judge was permitted to suspend a driver's license for not less than thirty days nor more than three years, or to revoke the license under designated circumstances. In analyzing the meaning of "revoke," the Supreme Court noted first that the legislature's use of both "suspend" and "revoke" implies that the terms are not synonymous. *Id.* at 40, 29 OBR at 389–390, 505 N.E.2d at 633–634. Rather, the Supreme Court stated that the "term 'suspend' ordinarily contemplates the temporary taking away of something. 'Revocation,' however, is a permanent taking without the expectation of reinstatement." *Id.* A similar statutory analysis of R.C. 4731.22(B) suggests that the term "revoke" includes permanent revocation.

In *Bouquett v. Ohio State Med. Bd.* (1991), 74 Ohio App.3d 203, 598 N.E.2d 762, this court visited a similar issue, couched in arguments regarding a physician's ability to seek reinstatement of a revoked license. In addressing those contentions, this court noted that "nothing in the definition of 'revoke' * * * compels this court to conclude that this term contemplates *only* a permanent and irreversible condition." (Emphasis added.) *Id.* at 208, 598 N.E.2d at 765. Further, the court noted that "there is nothing in the record before this court which indicates that the board intended to permanently prohibit plaintiff from the practice of medicine in Ohio. Rather, the board's order appears to be its standard order revoking a medical license with no other language indicating a permanent revocation * * *." As a result, the court concluded "that R.C. 4731.22(B) authorizes the board to reinstate to the practice of medicine a physician whose medical license has previously been revoked." *Id.*

Thus, without specifically addressing the issue, this court in *Bouquett* suggested, consistent with the analysis in *White*, that the board's authority to revoke a license includes the authority to revoke it permanently. Nonetheless, *Bouquett* determined that some revocations are subject to reinstatement. Indeed, in *White*, although the Supreme Court found that the authority to revoke a license included the authority to impose a permanent revocation, it also noted that under

---

1. R.C. 4731.22(B) states, in part:

   "The board, pursuant to an adjudicatory hearing under Chapter 119. of the Revised Code and by a vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons[.]"

some circumstances a new license may be obtained following revocation, thus acknowledging that not all revocations prevent relicensure.

■ Given the foregoing analysis, the authority granted the board under R.C. 4731.22(B) to revoke a physician's license to practice medicine includes the authority to revoke it permanently. See, also, *Brost, supra* ("Permanent revocation, of course, is the most serious penalty that the board can impose."); *Fattah v. State Med. Bd.* (Mar. 10, 1994), Franklin App. No. 93AP–601, unreported, 1994 WL 73903 ("the sanction of permanent revocation was within the board's statutory authority"). While appellee relies heavily on *Bouquett, Williams v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 743, 605 N.E.2d 1311, and *DeBlanco v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 194, 604 N.E.2d 212, none of those cases suggests, much less holds, that the board may not permanently revoke a license. Rather, *Williams* and *DeBlanco* found R.C. 4731.22(B) constitutional, in part because a doctor may seek reinstatement of a revoked license.

■ The parties further argue the availability of reinstatement where the board specifies that it is permanently revoking a license. Although the parties have raised both the issues of reinstatement and constitutionality if no opportunity for reinstatement of a permanently revoked license exists, neither of those issues is before us in this case. The record reveals no application for reinstatement, and thus we do not address that issue. Further, in not addressing the availability of reinstatement under the sanction the board imposed in this case, we likewise do not reach the constitutionality of R.C. 4731.22(B) in the event that reinstatement is unavailable.

Nonetheless, finding that the statute does authorize the board to permanently revoke a physician's license, we reverse the judgment of the trial court and remand for further proceedings consistent herewith.

*Judgment reversed*
*and cause remanded.*

CLOSE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.