OPINION
Appellant Robin L. Clay appeals the December 27, 2001 Memorandum of Decision and Judgment Entry entered by the Licking County Court of Common Pleas, which affirmed the Ohio State Personnel Board of Review's decision, affirming the appellee Licking County Prosecutor's removal of appellant from her position as a secretary with the Licking County Prosecutor's Office.
 STATEMENT OF THE FACTS AND CASE
In January, 2000, appellee ordered Kenneth Oswalt, Chief of appellee's Felony Division, to conduct an internal affairs investigation to determine whether any of appellee's employees had participated in pyramid schemes, which were being operated in Licking County and surrounding areas. At a meeting on January 20, 2000, Oswalt advised all of appellee's employees of the internal affairs investigation relative to the pyramid scheme, and informed the employees their responses to questions could be used for disciplinary measures by appellee, but would not be used for criminal prosecution. Appellant attended this meeting.
The day following the meeting, appellant was provided with writtenGarrity[1] rights in accord with Oswalt's pronouncement of January 20, 2000, along with questions to be answered on or before January 24, 2000. Appellant timely submitted her answers, in which she admitted her involvement in the pyramid scheme. Appellant and her attorney, David Branstool, were scheduled to meet with Oswalt on January 25, 2000. Attorney Branstool subsequently requested Oswalt reschedule the meeting until the following morning. Appellant appeared at Oswalt's office ready to proceed as originally scheduled. Oswalt telephoned Branstool, who spoke with appellant. Branstool informed Oswalt appellant wished to proceed with the interview despite Attorney Branstool's unavailability. Oswalt and Licking County Prosecutor's office investigator John Eisel conducted the interview of appellant, during which appellant admitted she joined the pyramid scheme for $500, and received a total of $4,000 as a result of her participation therein.
Via Memorandum dated January 26, 2000, Oswalt, on behalf of appellee, notified appellant of the disciplinary action to be taken. The Memorandum indicated appellant would be suspended from employment for two weeks, without pay; appellant would pay back the winnings she received as a result of the pyramid scheme; a "last chance" notification would be placed in appellant's personnel file; appellant would fully cooperate with the criminal investigators; and appellant would waive her rights to any further disciplinary proceedings or hearings. Appellant accepted the terms of the January 26, 2000 Memorandum by signing the proposal on January 28, 2000. Subsequently, on March 2, 2000, appellee presented appellant with a "last chance" agreement for review, signature, and placement in appellant's personnel file. Appellant refused to sign the agreement. Consequently, on March 3, 2000, Oswalt presented appellant with a written notice of termination. On March 6, 2000, appellant received the Order of Removal via hand delivery. The Order of Removal indicated appellant waived a pre-disciplinary hearing on January 28, 2000. The order further provided, "employee admitted to having participate in an illegal pyramid scheme, a felony under Ohio law. She was advised of the discipline to be imposed and accepted the discipline. However, she later refused to sign a `last chance agreement' which she had previously agreed to sign." The order enumerates dishonesty, insubordination, and failure of good behavior as the reasons for appellant's termination.Appellant appealed her removal to the State Personnel Board of Review. A hearing was conducted before an administrative law judge on June 5, 2000. The administrative law judge issued his report on March 1, 2001, recommending the State Personnel Board of Review disaffirm appellee's removal of appellant from her position. Via Order issued May 11, 2001, the State Personnel Board declined to follow the administrative law judge's report and recommendation, and affirmed appellee's removal of appellant. Appellant filed a timely appeal pursuant to R.C. 119.12 in the Licking County Court of Common Pleas. The trial court issued a briefing schedule. Upon consideration of the parties' briefs and the entire record, the trial court affirmed the State Personnel Board of Review's decision. The trial court memorialized its ruling via Memorandum of Decision and Judgment Entry filed December 27, 2001.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 "I. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN UPHOLDING THE DECISION OF THE STATE PERSONNEL BOARD OF REVIEW WHICH CONCLUDED THAT THE APPELLANT RECEIVED A PRE-DISCIPLINARY HEARING AND THAT SHE WAS AFFORDED DUE PROCESS BEFORE BEING DEPRIVED OF HER CONSTITUTIONALLY-PROTECTED PROPERTY INTEREST IN HER CIVIL SERVICE EMPLOYMENT.
 "II. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN UPHOLDING THE DECISION OF THE STATE PERSONNEL BOARD OF REVIEW AFFIRMING APPELLANT'S REMOVAL BEFORE AN EVIDENTIARY HEARING ON THE ALLEGATIONS IN THE REMOVAL ORDER WAS HELD SINCE THE ADMINISTRATIVE LAW JUDGE DENIED APPELLANT'S MOTION IN LIMINE AND COMPELLED HER TO PRESENT HER APPEAL AND SUBJECT HERSELF TO CRIMINAL PROSECUTION EVEN THOUGH HE FOUND THAT THE APPELLEE IMPROPERLY FAILED TO HOLD A PREDISCIPLINARY HEARING."
 I, II
In her first assignment of error, appellant submits the trial court erred in upholding the State Personnel Board of Review's affirmance of her removal based upon the conclusion appellant received a pre-disciplinary hearing and was not denied her due process rights. In her second assignment of error, appellant contends the trial court abused its discretion in upholding the State Personnel Board of Review's affirmance of her removal because appellee did not conduct an evidentiary hearing on the allegations in the removal order.
In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Reliable, probative and substantial evidence has been defined as: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.
On appeal to this Court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. ofEdn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. In reviewing the trial court's determination the Board of Review's order was supported by reliable, probative and substantial evidence, this Court's role is limited to determining whether the trial court abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680,610 N.E.2d 562. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
Initially, we address appellant's argument she was discharged without a pre-disciplinary hearing; therefore, was denied due process. As a classified employee, appellant enjoyed a property interest in her employment with the prosecutor's office, which required she be afforded due process prior to her termination. In Cleveland Bd. of Education v.Loudermill (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.E.2d 494, the United States Supreme Court explained: "We have described `the root requirement' of the Due Process Clause as being `that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.' (Citations omitted). This principle requires `some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment. (Citations omitted). * * * Even decisions finding no constitutional violation in termination procedures have relied on the existence of some pretermination opportunity to respond." Id.
The High Court continued: "The essential requirements of due process * * * are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. (Citation omitted). The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. (Citations omitted).
In accordance with the aforequoted, public employees must be given notice and an opportunity to respond prior to the imposition of discipline, including termination. Upon review of the record, we find appellant was aware of the charges being brought against her, and was given more than one opportunity to respond to said charges.
On January 20, 2000, Oswalt conducted a general meeting of all the employees of the Licking County Prosecutor's Office to discuss the pyramid scheme and to notify the employees of the commencement of an internal affairs investigation relative to employee involvement in that scheme. The following day, appellee presented appellant with herGarrity right in a memorandum entitled "Internal Affairs Investigation Warning," which appellant signed, acknowledging her receipt of those rights. Appellee also presented appellant with written questions relative to her involvement in the pyramid scheme. After appellant timely submitted her responses to those questions, appellee informed her she would be subject to an interview for further investigation into her involvement. Appellant met with Attorney Branstool prior to the scheduled interview. Attorney Branstool requested a continuance of the interview, to which Oswalt agreed. Nonetheless, appellant appeared without counsel and requested the interview proceed as scheduled. Appellant conceded in writing, and during the interview, she was involved in the pyramid scheme.
On January 26, 2000, Oswalt presented appellant with a memorandum outlining the proposed disciplinary action. Several days later, appellant signed the memorandum, agreeing to the conditions set forth therein. On March 2, 2000, appellee presented appellant with a "last chance" notification agreement. Appellant refused to sign the document. Thereafter, on March 3, 2000, appellee provided appellant with written notification of her termination, and, on March 6, 2000, appellee presented appellant with an Order of Removal. The order set forth two grounds for appellant's removal: (1) appellant's involvement in the pyramid scheme; and (2) appellant's acceptance of the discipline to be imposed, but subsequent refusal to sign the "last chance" notification. In light of the meetings, memorandum, written and oral questions, and individual interviews, we find appellee complied with the notice and opportunity to respond requirements of Loudermill, supra.
We now turn to appellant's argument regarding appellee's failure to conduct a hearing on the allegations set forth in the Order of Removal. By executing the January 26, 2000 Memorandum, appellant agreed to the placement of a "last chance" notification in her personnel file. When Oswalt presented appellant with the "last chance" notification on March 2, 2000, which appellant refused to sign, the terms of the January 26, 2000 Memorandum were not met, and the Memorandum was not consummated. Appellant's refusal to sign the "last chance" notification invalidated the Memorandum. As such, appellee was free to discipline appellant as he deemed necessary. Appellee was not bound or required to impose the two weeks suspension. Appellee was free to terminate appellant based upon her admitted involvement in the pyramid scheme as well as her agreement, but subsequent refusal, to abide by the terms of the January 26, 2000 Memorandum.
Based upon the foregoing, appellant's first and second assignments of error are overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
HOFFMAN, P.J., FARMER, J., and BOGGINS, J. concur.
[1] Garrity v. New Jersey (1967), 385 U.S. 493.