OPINION
{¶ 1} Appellant, Robert E. Belcher, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, the Ohio State Racing Commission, sanctioning appellant after one of his horses tested positive for a prohibited substance. For the following reasons, we affirm that judgment.
 {¶ 2} Appellant is a licensed horse trainer in the state of Ohio. On May 21, 2001, one of his horses, Sand Stylish Trick, finished second in a race at Northfield Park. After the race, the horse's urine was tested for prohibited substances. The test came back positive for the presence of furosemide, commonly known as lasix. Lasix is a diuretic used in racehorses to combat exercise-induced pulmonary hemorrhage. Although horses are allowed to race with lasix, they must be programmed to race with lasix in compliance with Ohio Adm. Code 3769-18-01(B). Appellant's horse was not programmed to race with lasix on May 21, 2001. Therefore, the judges at Northfield Park fined appellant $1,000, ordered the forfeiture of the $750 purse, and suspended appellant's license for 30 days.
 {¶ 3} Appellant appealed that ruling to the Ohio State Racing Commission ("Commission"). After a hearing, the Commission's hearing officer issued a report and recommendation. The hearing officer recommended the adoption of the track judges' determination that appellant's horse competed with a prohibited substance in violation of Ohio Adm. Code 3769-18-01, as well as Ohio Adm. Code 3769-18-02. The hearing officer further recommended the adoption of the imposed sanctions. The Commission adopted the hearing officer's recommendations and fined appellant $1,000, suspended his license for 30 days, and assessed costs in the amount of $250. On further appeal to the Franklin County Court of Common Pleas, the lower court affirmed the Commission's order, finding the decision to be supported by reliable, probative and substantial evidence.
 {¶ 4} Appellant appeals, assigning the following errors:
 {¶ 5} "1. The trial court erred by failing to reverse the "Finding and Order" of Appellee Ohio State Racing Commission ("Commission") issued January 22, 2002 ("Order") because the Commission lacked reliable, substantial, and probative evidence to support its findings in that, among other reasons, (1) the Commission lacked evidence that Belcher was in any way culpable for a veterinarian's improper administration of Lasix to the horse Sand Stylish Trick, and (2) the Commission based its decision to sanction Belcher on an assumption or "suggestion" of negligence, as opposed to evidence of actual negligence, on Belcher's part.
 {¶ 6} "2. The trial court erred by failing to reverse the Commission's Order because the Commission improperly failed to consider Belcher's undisputed mitigating evidence.
 {¶ 7} "3. The trial court erred by failing to reverse the Commission's Order because the Order is unjust, is contrary to law, and is against the manifest weight of the evidence presented at the adjudication hearing held on or about December 16, 2001 ("Hearing") and contained in the official record of the above-captioned matter ("Record").
 {¶ 8} "4. The trial court erred by refusing to reverse the Commission's Order because, in light of the facts of this matter and the evidence presented at the Hearing and contained in the Record, the Commission's sanction against Belcher is arbitrary and capricious in that the Commission sanctioned Belcher despite, among other reasons, (1) evidence that Belcher employed safeguard measures above and beyond what was required to comply with the Commission's rules, and (2) the Commission based its decision to sanction Belcher solely on an assumption or "suggestion" of negligence, as opposed to evidence of actual negligence, on Belcher's part.
 {¶ 9} "5. The trial court erred by refusing to reverse the Commission's Order because the Order constitutes an abuse of the Commission's discretion to impose penalties against licensees because, in light of the facts of this matter and the evidence presented at the Hearing and contained in the Record, the penalty imposed against Belcher is unreasonable and excessive."
 {¶ 10} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. Reliable, probative and substantial evidence has been defined as follows:
 {¶ 11} "* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 12} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the Commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the Commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 13} Appellant's first and third assignments of error will be addressed together, as they both contest the sufficiency of the evidence supporting the Commission's order. Appellant contends that there was no evidence demonstrating that he was culpable in any way for the presence of lasix in his horse. Rather, appellant argues the uncontested evidence shows that his veterinarian negligently injected the horse with lasix, notwithstanding the significant safeguards appellant had in place to prevent mistaken drug injections.
 {¶ 14} The degree of appellant's culpability in allowing his horse to run with lasix might be relevant if the Commission had only found him in violation of Ohio Adm. Code 3769-18-01(B)(1). Under that rule, a prima facie case of negligence is established once a drug test comes back positive for the presence of a prohibited substance. That prima facie evidence of negligence may be rebutted with evidence that appellant was not negligent in the care of his horse. Ohio State Racing Comm. v. Kash (1988), 61 Ohio App.3d 256, 267-268. However, the Commission also found appellant in violation of Ohio Adm. Code 3769-18-02(A). That rule, commonly known as the absolute insurer rule, provides that:
 {¶ 15} "(A) The trainer shall be the absolute insurer of, and responsible for, the condition of the horse entered in a race, regardless of the acts of third parties. Should the chemical or other analysis of urine or blood specimens prove positive, showing the presence of any foreign substance not permitted by rule 3769-18-01 of the Administrative Code, the trainer of the horse, the foreman in charge of the horse, the groom, and any other person shown to have had the care or attendance of the horse may, in the discretion of the commission, be subjected to penalties provided in paragraph (B) of this rule. * * *"
 {¶ 16} The absolute insurer rule imposes strict liability on the trainer for the presence of drugs in a horse. O'Daniel v. Racing Comm. (1974), 37 Ohio St.2d 87, 90; Wagers v. Ohio State Racing Comm. (Jan. 22, 1992), Richland App. No. CA-2885; Sahely v. Ohio State Racing Comm. (Apr. 6, 1993), Franklin App. No. 92AP-1430. The negligence of a third-party or appellant's level of care does not affect appellant's liability for a violation of the absolute insurer rule. See Dewbre v. Ohio State Racing Comm. (1984), 16 Ohio App.3d 370, 373 (affirming violation where presence of drug was directly attributed to persons other than the trainer). Therefore, evidence of the veterinarian's negligence, or the absence of evidence demonstrating appellant's negligence, is irrelevant to establish a violation of Ohio Adm. Code 3769-18-02(A). The only evidence necessary to support a violation of this rule is a positive test for a prohibited substance. Appellant does not contest the validity of the test that indicated the presence of lasix. Therefore, the lower court did not abuse its discretion in finding that the commission's order was supported by reliable, probative and substantial evidence. Appellant's first and third assignments of error are overruled.
 {¶ 17} In his fourth and fifth assignments of error, appellant contends that the sanctions imposed by the Commission were improper.
 {¶ 18} Pursuant to Ohio Adm. Code 3769-18-02(B), a licensee may be fined an amount not in excess of $1,000 and/or may be suspended for a period of time not longer than one year upon a violation of Ohio Adm. Code3769-18-02(A). Once the Commission determines there is a violation, the Commission has the discretion to impose these sanctions, and its decision cannot be disturbed on appeal if it is supported by reliable, probative and substantial evidence. Cf. FOE Aerie 2177 Greenville v. Ohio State Liquor Control Comm., Franklin App. No. 01AP-1330, 2002-Ohio-4441, at ¶ 28.
 {¶ 19} Moreover, this court may not modify an authorized sanction if the decision is supported by reliable, probative and substantial evidence. Henry's Cafe, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233; cf. Lindner v. Ohio Liquor Control Comm. (2001), Franklin App. No. 00AP-1430 (noting that as a "practical matter, courts have no power to review penalties meted out by the commission"); McCartney Food Market, Inc. v. Liquor Control Comm. (June 22, 1995), Franklin App. No. 94APE10-1576 ("when considering appeals from decisions of the liquor control commission, * * * a court does not have the authority to modify the penalty or sanction imposed against a licensee if there is substantial, probative, and reliable evidence of violation of the applicable statutes").
 {¶ 20} A violation of Ohio Adm. Code 3769-18-02(A) was proven by reliable, probative and substantial evidence. The sanctions imposed by the Commission were within the authorized sanctions found in Ohio Adm. Code 3769-18-02(B). Therefore, the lower court did not abuse its discretion in affirming the sanctions imposed on appellant by the Commission. Appellant's fourth and fifth assignments of error are overruled.
 {¶ 21} Finally, appellant contends in his second assignment of error that the Commission failed to consider appellant's mitigating evidence. However, there is no evidence that the Commission failed to consider appellant's mitigation evidence. Appellant could have been suspended for a period of one year. The fact that the Commission imposed a 30-day license suspension suggests that appellant's mitigation evidence was considered. Merely because the Commission imposed sanctions on appellant does not lead to the conclusion that the Commission failed to consider appellant's mitigation evidence. Appellant's second assignment of error is overruled.
 {¶ 22} Having overruled appellant's five assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.