OPINION
{¶ 1} Appellant, Waterloo, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Liquor Control Commission ("Commission"), revoking appellant's liquor permits. Because the record does not establish that an employee of the permit holder was convicted of a felony, we reverse that judgment.
 {¶ 2} Appellant is a holder of multiple liquor permits in Cleveland, Ohio. Marie Schilero is appellant's sole shareholder and officer. Her ex-daughter-in-law, Beverly Schilero ("Schilero") was employed by appellant as a bookkeeper. On or about March 28, 2001, Schilero was convicted of one count of conspiracy to impede and impair the Internal Revenue Service in violation of Section 371, Title 18, U.S. Code, a felony. The conviction arose from a course of conduct which ended on August 13, 1996. Apparently, this criminal conduct was unrelated to appellant's business. After Schilero's conviction, the Commission mailed appellant a notice of hearing which alleged that Schilero, appellant's employee or agent, was convicted of a felony and that the Commission would determine whether appellant's liquor permits should be suspended or revoked pursuant to R.C. 4301.25(A).
 {¶ 3} After a brief hearing, the Commission revoked appellant's liquor permits. On appeal, the Franklin County Court of Common Pleas affirmed that decision, finding that R.C. 4301.25(A)(1) grants the Commission authority to revoke appellant's liquor permits when appellant's employee is convicted of a felony.
 {¶ 4} Appellant appeals, assigning the following error:
 {¶ 5} "The trial court erred in finding that the order of the Commission was supported by reliable, probative and substantial evidence and was in accordance with law."
 {¶ 6} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. Reliable, probative and substantial evidence has been defined as follows:
 {¶ 7} "* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the Commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 9} The Commission revoked appellant's liquor permits solely due to Schilero's felony conviction. R.C. 4301.25(A)(1) grants the Commission the authority to suspend or revoke any liquor permit for a "[c]onviction of the holder or the holder's agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony[.]" Id. This court has previously determined that this statute is clear and unambiguous. In Out Market, Inc. v. Ohio State Liquor Control Comm. (Sept. 18, 2001), Franklin App. No. 01AP-231. The unambiguous language of a statute is to be given its plain and ordinary meaning. Taber v. Ohio Dept. of Human Serv. (1998), 125 Ohio App.3d 742, 747.
 {¶ 10} The plain and ordinary meaning of R.C. 4301.25(A) "requires that the employee of the permit holder to have been convicted of a felony." Shotz Bar Grill, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 02AP-1141, 2003-Ohio-2659, at ¶ 51 (Bowman, J., concurring) (Emphasis sic). Based upon the identical facts, a majority of this court in Shotz Bar Grill held that, if the evidence does not establish that the person in question was an employee of the permit holder at the time of the conviction, or that his or her employment with the permit holder continued after the conviction, suspension or revocation of the liquor license, pursuant to R.C. 4301.25(A)(1), is not authorized. Id. Therefore, there must be reliable, probative and substantial evidence indicating that Schilero was appellant's employee at the time of her conviction, or that she became an employee following her conviction, before the Commission could revoke a liquor permit pursuant to this provision.
 {¶ 11} A review of the record reflects that there is not reliable, probative and substantial evidence establishing that Schilero was appellant's employee at the time she was convicted of a felony. Schilero was convicted on or around March 28, 2001. Marie Schilero stated in an affidavit that, "once she became aware that Beverly Schilero had incurred a felony charge in Federal Court she discharged Beverly Schilero as the bookkeeper for Waterloo, Inc." The exact date Schilero's employment was terminated is unknown, although the affidavit suggests that Schilero's employment was terminated before her conviction. A memorandum from the Division of Liquor Control, dated March 13, 2001, indicated that, as of January 23, 2001, appellant still employed Schilero as a bookkeeper. It did not state that she was employed by appellant on March 28, 2001. In fact, nothing in the record establishes that Schilero was employed by appellant on the date she was convicted of a felony or at any time thereafter. The majority of this court in Shotz Bar Grill reached the same conclusion on essentially the same record.
 {¶ 12} Although this court in In Out Market, supra, affirmed the revocation of a liquor permit pursuant to R.C. 4301.25(A)(1) when the employee's felony conviction occurred after his termination from the permit holder's employment, the employee's employment status at the time of the conviction was not raised as an issue and was not addressed by the court. Additionally, the felonious conduct in that case occurred while the employee was employed by the permit holder. In the case at bar, the record does not establish that Schilero was employed by appellant when the conviction occurred or when the felonious conduct occurred.
 {¶ 13} In conclusion, R.C. 4301.25(A)(1) allows the Commission to suspend or revoke a liquor permit if the permit holder's employee is convicted of a felony. The plain and ordinary meaning of the language used in that provision requires that the felony conviction occur while the person is employed by the permit holder before the Commission may take such action. Shotz Bar Grill, supra, at ¶ 53. Because the record does not establish that Schilero was employed by appellant at the time of her felony conviction, or at any time thereafter, revocation of the permit holder's liquor license was not authorized by R.C.4301.25(A)(1). Accordingly, we find that the trial court erred in affirming the Commission's order. Appellant's lone assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed. This case is remanded to the trial court with instructions to remand the case to the Commission to dismiss the case.
Judgment reversed and
remanded with instructions.
BOWMAN and WATSON, JJ., concur.