OPINION
{¶ 1} Appellant, Loom Lodge 2156 Northfield, appeals from the judgment of the Franklin County Court of Common Pleas affirming the order of the Ohio Liquor Control Commission ("commission"), ordering a $7500 forfeiture or a 75-day suspension.
 {¶ 2} Appellant is a holder of a D-5 liquor permit, which allows it to sell beer and intoxicating liquor to its members for consumption on the premises. On March 9, 2000, two agents of the Ohio Department of Public Safety ("department") conducted an administrative inspection of the premises. The agents identified themselves to the bartender on duty and to the club administrator, and asked that the patrons leave while the inspection was conducted. During the inspection, the agents found, in plain view on the back of the bar, gambling devices, other evidence of gambling, and profits. As a result, appellant was cited with two violations for operating a gambling device in violation of Ohio Adm. Code 4301:1-1-53(B), ("Regulation 53"). The commission held a hearing on the matter. At the hearing, one violation was dismissed, and though appellant denied the other violation, appellant stipulated to the contents of appellee's investigative reports. The commission upheld the citation by finding appellant in violation of Regulation 53, and ordered a $7500 forfeiture, or a 75-day suspension.
 {¶ 3} Appellant appealed the commission's order to the Franklin County Court of Common Pleas pursuant to Ohio Revised Code, Chapter 119. On February 3, 2003, the trial court found that the commission's order was supported by reliable, probative, and substantial evidence, and affirmed the order of the commission. A judgment entry was filed on October 21, 2005, and appellant timely appealed.
 {¶ 4} Appellant brings the following single assignment of error for our review:
THE COURT BELOW ERRED WHEN IT AFFIRMED THE ORDER OF THE LIQUOR CONTROL COMMISSION AND FOUND THAT THE LIQUOR CONTROL COMMISSION'S DECISION WAS IN ACCORDANCE WITH LAW.
 {¶ 5} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad
(1980), 63 Ohio St.2d 108, 111.
 {¶ 6} Reliable, probative, and substantial evidence has been defined as follows:
"Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true." Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St. 3d 570, 571.
 {¶ 7} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Bd. of Edn. ofRossford Exempted Village School Dist. v. State Bd. of Edn.
(1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ.Hosp., Univ. of Cincinnati College of Medicine v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 8} Appellant does not argue that the commission's decision was not supported by reliable, probative, and substantial evidence. Rather, appellant contends that the order was not in accordance with law because the search conducted by the department's agents violated the United States and Ohio Constitutions, as well as Ohio Adm. Code 4301:1-1-79 ("Regulation 79"). Specifically, appellant argues the agents' authority to inspect was not based on a reasonable suspicion that a violation would be found, as is required under Regulation 79(D).
 {¶ 9} Regulation 79(D) provides:
This provision for warrantless administrative inspections includes but is not limited to the search and seizure of materials in locked closets, filing cabinets, cellars, attics, storage rooms, desks, and safes located on the licensed premises, so long as there is reasonable suspicion that evidence of violation of the liquor control act or the rules of the liquor control commission will be found therein. Such materials shall include books and records, wherever they may be found on the premises. Nothing in this rule shall be construed to contravene the plain view doctrine. In addition, any part of any other building connected with the licensed premises by direct access or by a common entrance and being used as a subterfuge or means of evading the provisions of Title XLIII of the Revised Code or of the rules of the commission will be subject to the same inspection. It shall be within the discretion of the liquor control commission and/or any court of competent jurisdiction to determine whether the right to inspect was based on reasonable suspicion that evidence of violations of the liquor control act and/or rules of the liquor control commission would be found in said licensed premises.
 {¶ 10} Appellant notes that the term reasonable suspicion is not defined within the Administrative Code, but concedes that less evidence would be needed to find reasonable suspicion as opposed to probable cause. However, according to appellant, because this case consists only of an anonymous tip, the factual scenario present here supports neither reasonable suspicion nor probable cause. We find, however, that appellant's argument is misplaced because "reasonable suspicion," as referred to in Regulation 79(D), applies to the "search and seizure of materials in locked closets, filing cabinets, cellars, attics, storage rooms, desks, and safes located on the licensed premises," and does not apply to the mere entry of a permit premises itself and the seizure of evidence in plain view. Id.
 {¶ 11} In Stone v. Stow (1992), 64 Ohio St.3d 156, the Supreme Court of Ohio added "administrative searches" to the list of recognized warrantless search exceptions, and explained that a warrantless administrative search resulting in an administrative violation was valid. However, it is equally well-established that to be valid, warrantless administrative searches of liquor permit holder's premises must be limited in time, place, and manner.New York v. Burger (1987), 482 U.S. 691, 107 S.Ct. 2636. As has been held by other Ohio appellate districts, administrative searches authorized by Ohio Adm. Code 4301:1-1-79 are so limited. For example, searches are to be conducted during normal business hours, searches can only be conducted in portions of the premises covered by the permit, and in order to search closed places within the permit premises, reasonable suspicion is required, if the evidence constituting the violation is not in plain view. See Ohio Adm. Code 4301:1-1-79. See, also, AL Post 0557 v. LiquorControl Comm. (Sept. 24, 1998), Jefferson App. No. 97 JE 2; FOEAerie 0995 Bridgeport v. Liquor Control Comm. (Sept. 4, 1998), Belmont App. No. 97 BA 14.
 {¶ 12} However, Regulation 79(D) does not, as appellant suggests, require agents to have a reasonable suspicion before they enter the premises itself. See AL Post 0557; FOE Aerie0995 Bridgeport. In fact, Ohio law establishes that when conducting a warrantless administrative search pursuant to a constitutionally valid statutory inspection program, authorized agents or employees of the Department of Liquor Control need not even identify themselves prior to gaining entry to the permit premises. AL Post 763 v. Ohio Liquor Control Comm. (1998),82 Ohio St.3d 108, syllabus paragraph two.
 {¶ 13} In the present matter, the agents were open and honest as to both their identity and purpose, and the administrative search was conducted during normal business hours. Two containers with intact tip tickets, cigar boxes containing monies associated with the tip tickets, a tip board, and sign up sheets for daily drawings, weekly drawings, and dues were all found in plain view behind the bar. There being no requirement that agents must have a reasonable suspicion before entering the licensed premises itself, we find that this investigation fully complied with Regulation 79, as the evidence of gambling was found in plain view and the record does not reflect, nor is there any allegation, that the agents did, or were required to, search a closed space. Consequently, we find that the order of the commission was not only supported by reliable, probative, and substantial evidence, but also was in accordance with law.
 {¶ 14} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt, P.J., and Travis, J., concur.