OPINION
{¶ 1} Appellant, Adele Vogelgesang ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which affirmed a decision of the State Personnel Board of Review ("SPBR") that the Ohio Department of Administrative Services ("DAS") had correctly determined that appellant was properly classified in her position with the Ohio Environmental Protection Agency ("EPA"). For the following reasons, we affirm.
 {¶ 2} The facts of this case are not in dispute. Appellant is employed at EPA in a position classified as a Management Analyst Supervisor 2. Believing that her actual job duties exceeded those described in the Management Analyst Supervisor 2 classification, appellant asked DAS to audit her job duties and classification.
 {¶ 3} On November 18, 2003, DAS issued a notice that the job audit had been completed and appellant was properly classified as a Management Analyst Supervisor 2. Appellant appealed DAS's decision to SPBR.
 {¶ 4} SPBR held an evidentiary hearing, at which appellant appeared and was represented by counsel. On December 1, 2004, a hearing officer issued a report and recommendation, which recommended that appellant be retained in the Management Analyst Supervisor 2 position. The hearing officer stated that she considered three possible classification series: Data Administration Management; Grants Coordinator; and Management Analyst. She did not, however, consider the Project Manager classification series "as this class series is restricted to specific agencies. * * * During all times relevant to this proceeding, the [EPA] has been excluded as a user agency for the Project Manager classification series." Based on the evidence, the hearing officer rejected the Data Administration Management and Grants Coordinator series classifications as appropriate alternatives and ultimately concluded that the Management Analyst Supervisor 2 classification and the illustrative duties described therein most accurately described appellant's job duties. On these grounds, the hearing officer recommended that SPBR affirm the results of the DAS job audit. On February 10, 2005, SPBR adopted the report and recommendation, affirming the results of the audit.
 {¶ 5} Appellant appealed the SPBR decision to the trial court. On February 23, 2006, the court issued a decision, which affirmed the SPBR order.
 {¶ 6} Appellant filed a timely notice of appeal, and raises the following assignment of error:
Where the evidence at [an SPBR] job audit hearing demonstrates that an employee in the classified service is substantially performing the duties called for in a higher level job classification, it is error and a denial of rights without due process of law for the [S]PBR to fail to analyze and compare the employee's duties with the higher classification.
 {¶ 7} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111.
 {¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the board's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the board's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343.
 {¶ 9} In her sole assignment of error, appellant asserts that it was error for SPBR not to compare appellant's job duties with those applicable to the Project Manager 1 position within the Project Manager classification. We disagree.
 {¶ 10} R.C. 124.14(A)(1) requires the director of DAS to establish a job classification plan for all positions within state government. The director must group similar jobs within a classification, assign a title to each classification, describe duties and responsibilities for each class, and establish the qualifications necessary to hold each position. The director must also assign, by rule, a pay range to each classification on a statewide basis or by particular counties or state institutions.
 {¶ 11} DAS has issued a Project Manager classification series. That series, however, applies only to specified state agencies, which do not include EPA. A DAS witness testified before the hearing officer that a state agency can initiate the process for creating a particular classification series and then, if DAS creates a new classification, agencies, at the discretion of their directors, may ask permission to use the classification. At the time of this witness' testimony, only the departments of Job and Family Services, Commerce, and Taxation had applied for, and received, permission to use the Project Manager classification series for their employees.
 {¶ 12} Despite the fact that the Project Manager classification series did not exist within EPA, appellant argued before SPBR that she should be reclassified to a position within that series. To be clear, appellant has not requested that this court simply reclassify her to a Project Manager position. Rather, she argues that it was error for SPBR not to at least consider the Project Manager series for possible reclassification. To resolve this issue, we look to the statutes and rules applicable to SPBR's review of DAS job audits.
 {¶ 13} Ohio Adm. Code 123:1-3-01(B) states that the director of DAS may conduct job audits and expressly allows a classified employee of a state agency to "request a review of the classification of his or her position[.]" Ohio Adm. Code123:1-3-01(J) provides that an employee may appeal the director's decision to SPBR.
 {¶ 14} R.C. 124.03(A) grants to SPBR the power to hear appeals from DAS decisions on job audits. SPBR has the power to "affirm, disaffirm, or modify the decisions of the * * * director [of DAS], * * * and its decision is final. The board's decisionsshall be consistent with the applicable classificationspecifications." (Emphasis added.)
 {¶ 15} Here, appellant asked SPBR to reclassify her to a position within the Project Manager classification, a classification series inapplicable to EPA employees. However, under R.C. 124.03(A), SPBR had no authority to grant that reclassification because such a reclassification would not be consistent with the applicable classification specifications.
 {¶ 16} Nevertheless, appellant directs us to R.C.124.14(D)(2), which authorizes SPBR, in certain situations, to "determine the most appropriate classification for the position of any employee coming before the board, with or without a job audit." We note, however, the phrase that precedes that authorization: "As provided in division (A) of section 124.03 of the Revised Code[.]" As we stated above, R.C. 124.03(A) expressly provides that SPBR's decision must be "consistent with the applicable classification specifications." SPBR is not free to apply a classification to an individual employed by an agency where the classification does not exist.
 {¶ 17} Having concluded that SPBR's decision must be consistent with applicable classification specifications, we find that it was not error for the SPBR hearing officer to refuse to consider inapplicable classification specifications, including those within the Project Manager series. Before this court, appellant asserts that she is only seeking consideration of the Project Manager classification; that consideration may not necessarily lead to her reclassification within that series. We find, however, that SPBR need not engage in the futile act of considering positions that do not apply, and cannot apply, to an employee. While we acknowledge and affirm an appellant's right to a meaningful review of DAS's decision, appellant has no right to a review that would lead to a meaningless result.
 {¶ 18} For these reasons, we overrule appellant's single assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.