STAHL, APPELLANT, *v.* OHIO STATE
DENTAL BOARD, APPELLEE.

(No. L-87-346 — Decided
May 27, 1988.)

*Connelly, Soutar & Jackson* and
*Reginald S. Jackson, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Michelle Morris,* for appellee.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. Appellant has timely filed a notice of appeal asserting the following as his assignment of error:

"The court of common pleas erred in its granting of the motion of appellee Ohio State Dental Board to dismiss because jurisdiction under Ohio Revised Code, Section 119.12 does exist upon the partial revocation of a license."

R.C. 119.12 provides, in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or deny-

ing the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located * * *."

Appellant entered into a consent agreement on December 17, 1985, with appellee. The substance of the consent agreement was that appellant would receive a ninety-day suspension of his dental license and a subsequent review examination as to his ability to continue to practice orthodontics. Appellant took the examination twice and was notified each time that he failed the examination. The consent agreement contained a clause that if appellant failed both examinations he would be indefinitely suspended from any practice in the speciality of orthodontics. The last notice received by appellant that he failed the second examination was August 31, 1987. On September 2, 1987, appellant filed an appeal to the Lucas County Court of Common Pleas. Appellee filed a motion to dismiss for lack of subject matter jurisdiction which was granted on September 18, 1987.

R.C. 119.12 provides: "Any party adversely affected by any *order* of an agency issued pursuant to an *adjudication* * * * may appeal * * *." (Emphasis added.) In this case, nothing was adjudicated. Appellant had entered into a consent agreement. There is nothing to appeal pursuant to R.C. 119.12. Accordingly, appellant's sole assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pur-

suant to App. R. 24, appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.