OPINION
{¶ 1} Relator-appellant, Ramesh Mathur, D.D.S., appeals from a judgment of the Franklin County Court of Common Pleas, which denied his complaint for mandamus and declaratory judgment, and granted summary judgment in favor of respondent-appellee, the Ohio State Dental Board ("Board"). For the reasons stated below, we affirm.
 {¶ 2} Mathur is a dentist who was licensed to practice in Ohio. In 1997, the Board initiated disciplinary proceedings against Mathur, ultimately revoking his license in January 1998. Appellant filed an administrative appeal against the Board on the basis that he had not received a fair hearing and, in 1999, the trial court vacated the Board's order and remanded the case for a new hearing. In response, the Board filed a notice of appeal with this court in case No. 99AP-422.
 {¶ 3} While that appeal was pending, Mathur and the Board entered into a consent agreement by which the Board agreed to dismiss its appeal in exchange for Mathur's agreement to forego reapplying for the reinstatement of his license in the future. That agreement stated, in part:
DR. MATHUR enters into this CONSENT AGREEMENT being fully informed of his rights afforded under Chapter 119, Ohio Revised Code, including the right to representation by counsel and the right to pursue his appeal rights on the issues considered herein.
The CONSENT AGREEMENT is entered into on the basis of the following stipulations and understandings:
A. The BOARD is empowered by Section 4715.30, Ohio Revised Code, to suspend, revoke, place on probation, limit, or censure a certificate holder for violation of any of the enumerated grounds.
B. The BOARD held an administrative hearing on the allegations contained in a Notice of Opportunity for Hearing dated January 9, 1997 and attached hereto as Appendix A. DR. MATHUR appealed and the Franklin County Court of Common Pleas, in a decision in Case No. 98CVF06-4560 * * * vacated and remanded the case to the BOARD for a new hearing. The BOARD appealed the decision of the Franklin County Court of Common Pleas and this case is now pending before the Tenth District Court of Appeals where it is assigned Case No. 99AP-422.
C. DR. MATHUR and the BOARD desire to completely and finally settle all claims and differences with respect to the above administrative proceedings and appeal, by entering the herein CONSENT AGREEMENT.
D. DR. MATHUR has not had a license to practice dentistry in the State of Ohio since January 1, 1998.
WHEREFORE, in consideration of the mutual covenants and promises contained herein, DR. MATHUR and the BOARD knowingly and voluntarily agree to the following terms, conditions and limitations:
1. DR. MATHUR shall be ineligible for, and shall not apply for, reinstatement of license to practice dentistry No. 20395 or issuance of any other license pursuant to Chapter 4715, Ohio Revised Code, on or after July 6, 1999. Any such attempted reapplication shall be considered null and void and shall not be processed by the BOARD.
2. DR. MATHUR shall, by July 6, 1999, send his renewal card in connection with his license to practice dentistry No. 20395 to the BOARD.
3. DR. MATHUR, with the intention of binding himself and his successors in interest and assigns, holds harmless from liability and forever discharges the State of Ohio, the BOARD, and any of their members, officers, attorneys, agents, and/or employees, personally or in their official capacities, from any and all claims that were raised or could have been raised in or relating to this matter, including but not limited to costs, expenses, attorney fees and/or all other damages.
4. DR. MATHUR acknowledges that he has had an opportunity to ask questions concerning the terms of this CONSENT AGREEMENT and that all questions asked have been answered in a satisfactory manner.
5. Within five (5) days of the approval of this CONSENT AGREEMENT by the BOARD, the BOARD shall file a Notice of Dismissal of the Notice of Appeal in the Tenth District Court of Appeals Case No. 99AP-422, thereby terminating all further formal proceedings based upon the violations of Section 4715.30, Ohio Revised Code set forth in the Notice of Opportunity for Hearing issued by the BOARD on January 9, 1997, attached hereto as Appendix A and incorporated herein by this reference.
This CONSENT AGREEMENT shall be considered a public record as that term is used in Section 149.43, Ohio Revised Code and may be reported to any appropriate data bank or reporting agency.
This CONSENT AGREEMENT is to be signed and returned to the Ohio State Dental Board by July 6, 1999.
It is expressly understood that this CONSENT AGREEMENT is subject to ratification by the BOARD prior to signature by the President and Secretary and shall become effective upon the filing of the Notice of Dismissal of the Notice of Appeal in the Tenth District Court of Appeals Case No. 99AP-422.
The Board ratified the agreement and, in August 1999, dismissed the pending appeal in our court.
 {¶ 4} In July 2001, Mathur filed a complaint in the trial court seeking a writ of mandamus directing the Board to issue him an application so that he might attempt to regain his license. The Board countered with a motion for summary judgment on the grounds that mandamus did not lie because Mathur had a plain and adequate remedy at law by way of a declaratory judgment action. The trial court granted this motion, and, in October 2001, allowed Mathur to file an amended complaint that added a prayer for declaratory relief. However, Mathur later voluntarily dismissed that action, and, in July 2002, filed a new complaint for both a writ of mandamus and declaratory judgment. The basis of Mathur's new claim is that the license application is a public record that the Board is required to produce upon request, and that the relevant law requires the Board not only to provide the application form, but also to consider the application and grant him an administrative hearing if the application is denied.
 {¶ 5} The Board responded with a motion for summary judgment, asserting that these issues were res judicata, that the application does not qualify as a public record, and that under these facts Mathur cannot satisfy the requirements for either a writ of mandamus or a declaratory judgment. The trial court determined that mandamus relief was not appropriate and, therefore, did not consider Mathur's argument that a dental license application constitutes a public record as defined by R.C. 149.43. Although determining that declaratory judgment was the proper basis for Mathur's claims, the court rejected Mathur's arguments that the Board was without authority to permanently revoke Mathur's license, that due process prohibited the Board from taking away Mathur's right to practice dentistry because Mathur had voluntarily consented to the revocation, and that the consent agreement was flawed and so should not be enforced. The court thus held the Board was entitled to judgment as a matter of law.
 {¶ 6} Mathur now assigns the following as error:
1. The trial court erred in finding that Appellee was not required to consider Appellant's application for relicensure and give Appellant a hearing under R.C. Chapter 119 if the application is denied.
2. The trial court erred in finding that Appellee's dismissal of its appeal rights was material consideration sufficient to validate the Consent Agreement between Appellant and Appellee.
 {¶ 7} Appellate review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 8} When proper evidence supports a motion for summary judgment, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts entitling him to relief. Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 9} We will address Mathur's assignments of error together, as they are related. Mathur's first assignment of error charges error in the trial court's conclusion that the consent agreement precluded the Board from taking any action on his license application. Mathur's second assignment of error claims the trial court erred in finding the Board's agreement not to prosecute its appeal was material consideration. Neither assignment of error requires us to determine whether the application is a public record. Subsequent to the trial court's decision, Mathur received and submitted an application, which the Board has marked "null and void."
 {¶ 10} According to Mathur, in the absence of statutory language authorizing the Board to permanently bar an individual from seeking licensure, the Board was required to accept and consider his application and, if it denied him a license, grant a hearing. Rejecting the trial court's finding that the consent agreement superseded the hearing requirements, Mathur reasons that the Board could not contract away its duties under R.C. 119.06. He further maintains that, because he had a favorable ruling in hand and the Board's chance of success on appeal would have been slim, there was no consideration supporting the agreement.
 {¶ 11} "The opportunity to practice dentistry is not an unqualified right." Zak v. Ohio State Dental Bd., Cuyahoga App. No. 82692, 2004-Ohio-2981, at ¶ 39. All dentists must be licensed by the state and must comply with the requirements of R.C. Chapter 4715. Id. R.C. 4715.30
governs disciplinary actions by the Board and provides, in part:
(C) Subject to Chapter 119. of the Revised Code, the Board may take one or more of the following disciplinary actions if one or more of the grounds for discipline listed in divisions (A) and (B) of this section exist:
(1) Censure the license or certificate holder;
 (2) Place the license or certificate on probationary status * * *:
* * *
(3) Suspend the certificate or license;
(4) Revoke the certificate or license.
 {¶ 12} Thus, the Dental Board has authority to permanently revoke licenses. Zak at ¶ 105. Unger v. Ohio State Dental Bd. (1943),142 Ohio St. 67; see, also, Roy v. Ohio State Med. Bd. (1995),101 Ohio App.3d 352; State v. White (1987), 29 Ohio St.3d 39.
 {¶ 13} R.C. 119.06 requires a hearing on a board's decision to reject an application and provides, in part:
* * * [E]very agency shall afford a hearing upon the request of a person whose application for a license has been rejected and to whom the agency has refused to issue a license, whether it is a renewal or new license * * *.
 {¶ 14} Mathur argues that the Board was without authority to bargain away its statutory obligations. As his sole authority, Mathur relies uponHausmann Johnson v. Board (1974), 40 Ohio App.2d 432. That case, however, is factually inapposite. Hausmann stands for the proposition that zoning agreements containing reversionary terms are an attempt to condition zoning by contract and are invalid as against public policy. As the trial court noted, the agreement does not condition Mathur's ability to practice dentistry, but, rather, is a vehicle by which Mathur agreed to give up his right to apply for a license. Thus, Mathur gave up his right to administrative review, rather than the Board relinquishing its statutory obligations.
 {¶ 15} Moreover, in this case, the Board is not in a position to accept Mathur's application because Mathur agreed not to apply for reinstatement and agreed that any attempted reapplication would be "considered null and void and shall not be processed by the BOARD." Having bargained away his right to apply and to obtain a hearing upon rejection, Mathur cannot now avail himself of the statutory protections contained in R.C. Chapter 119, unless he is able to establish that the consent agreement is invalid. See, e.g., Stahl v. Ohio State Dental Bd.
(1988), 44 Ohio App.3d 26.
 {¶ 16} In the context of medical licensing, this court has recognized the utility of consent agreements such as the one at issue here. "Consent agreements serve the interests of the public because they allow the board to act swiftly to remove potentially dangerous physicians from the practice of medicine." Herman v. Ohio State Med. Bd. (Nov. 28, 2000), Franklin App. No. 99AP-967. Thus, a properly executed and ratified consent agreement is not void as against public policy. Mathur does not argue that he misunderstood what he was signing, that the facially valid document did not expressly eliminate his ability to practice dentistry or to reapply for a license, or that the Board did not properly ratify it. Cf. Reinglass v. Ohio State Med. Bd. (Apr. 11, 1988), Stark App. No. CA-7321 (invalidating board order based on consent agreement not ratified by board). He was represented by counsel at the time of the signing and does not allege that his acquiescence to its terms was unknowing or involuntary. His basis for attacking the consent agreement is solely that it was not supported by consideration.
 {¶ 17} However, we find that there was consideration for the Board to enter into the agreement because it avoided the cost and effort of further attempts to revoke Mathur's license. On Mathur's part, there was consideration in the avoidance of the professional stigma a revocation order would have involved had he lost his case on remand. An agreement based upon a sufficient consideration not to prosecute appellate proceedings is binding, and, in some cases, the parties' mutual agreement to waive their right to appeal may constitute adequate consideration. See "The Washington D" v. Ohio State Dept. of Human Serv. (June 14, 2001), Franklin App. No. 00AP-939; State ex rel. Chuvalas v. Tompkins (1998),83 Ohio St.3d 171; Sanitary Commercial Services, Inc. v. Shank (1991),57 Ohio St.3d 178. Thus, we agree with the trial court that consideration supported the agreement on both sides.
 {¶ 18} Based upon these considerations, we agree with the trial court that the Board was entitled to summary judgment. Thus, we overrule Mathur's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and Sadler, JJ., concur.