[Cite as *S. Court St. Ents., Inc. v. Ohio Liquor Control Comm.*, 2013-Ohio-5447.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

South Court Street Enterprises, Inc.,    :

      Appellant-Appellant,    :

                                  No. 13AP-456

v.                                :       (C.P.C. No. 13CVF-01-77)

Ohio Liquor Control Commission,    :       (ACCELERATED CALENDAR)

      Appellee-Appellee.       :

---

D E C I S I O N

Rendered on December 12, 2013

---

*Saia & Piatt, Inc.*, and *Lisa A. Wafer*, for appellant.

*Michael DeWine*, Attorney General, and *Andromeda McGregor*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Appellant-appellant, South Court Street Enterprises, Inc. ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee-appellee, Ohio Liquor Control Commission ("commission"), finding that appellant both sold and furnished beer to a minor in violation of R.C. 4301.69(A). For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant operates a restaurant/sports bar known as the Red Brick Tavern, near the campus of Ohio University in Athens, Ohio. The commission issued D5 and D6 liquor permits to appellant in 2006. On September 2, 2011, several Ohio Department of Public Safety agents entered appellant's establishment to conduct an investigation. The

events that took place are set forth in the report of Agent H. Sam Love, in relevant part, as follows:

> On September 2, 2011 at approximately 12:10 am AAIC Love and Agents Jones and Arbaugh visited the permit premises known as Red Brick Tavern, South Court Street Enterprises LLC, located at 14 N. Court Street in Athens. AAIC Love observed a youthful appearing individual, later identified as Zackary M. Eisenfeld, age 19, DOB 8/11/92, standing at the end of the bar holding a $10 bill in his hand attempting to get a bartenders attention. After several minutes Z. Eisenfeld moved to the center of the bar to get served. A barmaid, later identified as Olivia A.T. Pokas, walked over to Z. Eisenfeld and took his order. Z. Eisenfeld ordered two draft Bud Light Beers. O. Pokas turned and walked to the beer taps, looked back at Z. Eisenfeld and asked 'Bud Light?' Z. Eisenfeld replied yes and O. Pokas poured two draft beers. O. Pokas delivered the beers to Z. Eisenfeld. Z. Eisenfeld handed O. Pokas the $10 bill and O. Pokas returned an unknown amount of money to Z. Eisenfeld. At no time did O. Pokas request or review an identification from Z. Eisenfeld. Z. Eisenfeld took the two beers and walked back around to the end of the bar and handed one of the draft beers to an individual later identified as Chelsea L. Amato, age 18, DOB 10/14/92/
>
> AAIC Love and Agent Jones approached C. Amato and Z. Eisenfeld and properly identified themselves. Upon questioning Z. Eisenfeld immediately admitted to Agent Jones that he was 19 years of age.

(Commission's exhibit D.)

{¶ 3}  Agent Love issued a citation to appellant for both selling and furnishing beer to a minor in violation of R.C. 4301.69(A).  Following an administrative hearing, the commission found that appellant had violated R.C. 4301.69(A) by selling and furnishing beer to a minor.  The commission imposed a fine of $600 or a six-day license suspension, at appellant's option.

{¶ 4}  Appellant timely appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12.  On May 9, 2013, the trial court determined that the commission's decision was supported by reliable, probative, and substantial evidence, and was in accordance with law.

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant timely appeals to this court assigning the following sole assignment of error:

> The trial court erred, and abused its discretion, by its May 9, 2013 Decision affirming the Decision of the Ohio Liquor Control Commission in this matter.

## III. STANDARD OF REVIEW

{¶ 6} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).

{¶ 7} The Supreme Court of Ohio has defined reliable, probative, and substantial evidence as follows:

> (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true.
>
> (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.
> (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

(Footnotes omitted.) *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 8} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (2d Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). "However, the findings of the agency are by no means conclusive." *Univ. of Cincinnati* at 111. On questions of law, the common pleas court conducts a de novo review in determining whether the administrative order is "in accordance with law." *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993).

{¶ 9} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707 (1992). In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Roy v. Ohio State Med. Bd.*, 80 Ohio App.3d 675, 680 (10th Dist.1992). Absent an abuse of discretion on the part of the trial court, a court of appeals cannot substitute its judgment for that of the commission or the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. *McGee v. Ohio State Bd. of Psychology*, 82 Ohio App.3d 301, 305 (10th Dist.1993), citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

{¶ 10} In its sole assignment of error, appellant contends that the trial court abused its discretion when it determined that the commission's decision was supported by reliable, probative, and substantial evidence inasmuch as the commission based its decision upon an unreliable witness and inadmissible hearsay. Agent Love testified at the administrative hearing as follows:

> Q. With respect to Mr. Eisenfeld, did you - - you did not check his ID?
>
> A. When? I saw his ID, yes, because I needed it when I filled out the precipe summons.
>
> Q. Okay. Did you have a copy of that in the file?
>
> A. No. We generally don't make copies of ID's. It's all done in the field.
>
> Q. Okay.

A. We have no access to a Xerox machine in our cars.

Q. Did you make note in your report that you had checked his ID?

A. I don't believe so.

Q. Okay. And you didn't check any other record of his birth, birth certificate or anything like that, to verify his date of birth?

A. No, generally the ID is what we use.

Q. Okay.

A. He was from out of state, I believe; from North Carolina, if I'm correct.

Q. Okay.

A. Which is why he probably couldn't be here today.

* * *

Q. Agent, did the underage in this particular case, did he make any statements as to his age to you when you approached him?

A. Yeah. When myself and Agent Jones approached [Z. Eisenfeld] and ID'd, he admitted to being 19. Agent Jones secured him in handcuffs, took him out of the premises.

* * *

Q. The underage in this particular matter - - you were inside the permit location at the time and observed a transaction; is that correct?

A. Yes.

Q. After observing that transaction, that is what caused you two to approach the underage and inquire as to his age; is that correct?

A. Yes.

(Tr. 7-9.)[1]

{¶ 11} Appellant has identified two specific statements in Agent Love's testimony that it now finds objectionable: (1) Agent Love's testimony that Eisenfeld admitted he was 19; and (2) Agent Love's testimony that he confirmed Eisenfeld's age by looking at his ID.

{¶ 12} With regard to Agent Love's testimony that Eisenfeld admitted he was 19 years old, we note that Agent Love's report also states that Eisenfeld admitted he was 19. The report was admitted into evidence by stipulation. As a general rule, when a party stipulates to the admission of evidence, the party may not later object to such evidence. *See, e.g., Havens v. Havens*, 10th Dist. No. 11AP-708, 2012-Ohio-2867, ¶ 21-22; *In re J.B.*, 10th Dist. No. 11AP-63, 2011-Ohio-3658, ¶ 9-10. Appellant contends, however, that it preserved its right to object to the alleged hearsay statements contained in Agent Love's report. The transcript of the administrative hearing contains the following discussion regarding Agent Love's report:

> MS. WAFER: Lisa Wafer on behalf of the permit holder
>
> MS. MCGREGOR: Ms. Wafer, it's my understanding that you're going to deny as to any sort of legal violations, but you are willing to stipulate to the admission of the investigative report as to these violations; is that correct?
>
> MS. WAFER: That's correct

(Tr. 4.)

{¶ 13} Additionally, at the conclusion of Agent Love's testimony, appellant's counsel stated:

> MS. WAFER: To get it in front of the Commission. I think our argument, in terms of the violation, is primarily a legal one. We don't - - you know, the agent's report states what it states, and I'm going to make that argument and conclusion, but - -.

(Tr. 10.)

---

[1] This appeal pertains to the charge against appellant related to Eisenfeld only.

{¶ 14}  The record does not provide clear support for counsel's contention that she preserved appellant's objection to the alleged hearsay statements contained either in Agent Love's report or in his testimony. Appellant did interpose a hearsay objection during closing argument.   However, even if we were to agree that the objection was preserved, administrative agencies are not bound by the strict rules of evidence applied in court.  *Enitnel, Inc. v. Ohio Liquor Control Comm.,* 10th Dist. No. 02AP-583, 2002-Ohio-7034, ¶ 18, citing *Felice's Main Street, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 01AP-1405, 2002-Ohio-5962, ¶ 17.  Indeed, the hearsay rule is relaxed in administrative proceedings. *Id.*

{¶ 15} The commission argues that Agent Love's testimony arguably falls within the hearsay exception recognized in Evid.R. 804(B)(4) pertaining to statements of personal or family history.  Under Evid.R. 804(B)(4), a hearsay statement concerning the declarant's date of birth is admissible at trial if the declarant is "unavailable."  Evid.R. 804(A).  Agent Love testified that Eisenfeld was unavailable for the hearing because he was attending college in North Carolina, and appellant acknowledges that a subpoena was issued to secure Eisenfeld's attendance at the hearing.  (Tr. 8; Appellant's Brief, fn. 1.) Accordingly, even if appellant had preserved its hearsay objection, Agent Love's assertion that Eisenfeld told him he was 19-years old is admissible under Evid.R. 804(B)(4).

{¶ 16} Moreover, while the hearsay exception recognized in Evid.R. 804(B)(3), pertaining to a "statement against interest," does not apply where the statement is one "tending to expose the declarant to criminal liability," Agent Love testified that the charges against Eisenfeld had been dismissed and that no further proceedings would be brought against him for the events of September 2, 2011.  Accordingly, under Evid.R. 804(B)(3), Eisenfeld's statement is admissible, as a statement against interest, when offered to prove that he was 19-years old on September 2, 2011.

{¶ 17} Appellant next contends that Agent Love must have testified falsely when he claimed that he checked Eisenfeld's ID, because Agent Love failed to note that fact in his report.  However, appellant's counsel never asked Agent Love whether his normal practice was to make a notation in his report whenever he checked a suspects ID.  Moreover, Agent Love's report also contains no mention that he checked the ID of "C. Amato" even though

she also admitted that she was under 21 years of age. He did, however, note that he checked the false ID presented to him by "C. Amato." In short, we cannot say that the trial court abused its discretion by refusing to infer that Agent Love testified falsely simply because his report does not state that he checked Eisenfeld's ID.

{¶ 18} Agent Love was the primary witness before the commission on the liability issue. The record establishes a reasonable probability that Agent Love's testimony is true. Indeed, Agent Love's report specifies a birth date of "8/11/92," which means that Eisenfeld was 19 years of age on September 2, 2011. The commission found Agent Love to be credible and the trial court found that the commission's decision was based upon reliable, probative, and substantial evidence. We agree with the trial court.

{¶ 19} For the foregoing reasons, appellant's assignment of error is overruled

## IV. DISPOSITION

{¶ 20} Based upon the foregoing, we hold that the trial court did not abuse its discretion when it determined that the commission's order was based upon reliable, probative, and substantial evidence and was in accordance with law.

{¶ 21} Having overruled appellant's sole assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and BROWN, J., concur.

————————————